**Ricky Glen HILTERBRAND,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 96–90.**

Supreme Court of Wyoming.

Jan. 10, 1997.

his crime. He appeals the portion of his sentence ordering him to pay this restitution.

We affirm.

## ISSUES

Hilterbrand presents this issue:

Did the trial court abuse its discretion in determining the amount of restitution that Appellant was ordered to pay?

The State agrees that the issue is whether the trial court abused its discretion in setting the amount of restitution.

## FACTS

In supplying the court with a factual basis for his guilty plea, Hilterbrand admitted that he stole a van from a car dealer in Oklahoma, drove it to Cheyenne, Wyoming, and attempted to conceal it here. He also admitted stealing a 1992 Toyota Camry in Cheyenne. Hilterbrand was also charged with stealing at least $8,000 that was in a purse inside the Camry at the time of its theft. Hilterbrand admitted to stealing the Camry, but he disputed taking the cash at the time he entered his guilty pleas. The district court conducted an evidentiary hearing on the issue of restitution during the sentencing proceeding on January 11, 1996. One of the victims and the police officer who investigated the crime testified to prove the amount of the restitution.

The Camry belonged to a married couple who had recently arrived in Cheyenne from San Francisco. The district court found that before leaving San Francisco the wife had withdrawn about $4,300 in cash from bank accounts, had $4,000 which friends and family had given her, and, during a stop in Las Vegas, Nevada, the couple had won about $2,500 playing blackjack. The wife supplied the court with documentation of the withdrawals. The district court also found that she and her husband had spent about $300 for meals and lodging in Las Vegas.

The police officer testified that Hilterbrand had arrived in Cheyenne without money and received $200 from the local community action agency to pay rent on a room at the Ranger Motel. On the same evening that

Sylvia Lee Hackl, State Public Defender; Deborah Cornia, Appellate Counsel, State Public Defender Program, Cheyenne, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

After pleading guilty to charges of concealing stolen property and grand larceny, Appellant Ricky G. Hilterbrand was ordered to pay $10,500.00 in restitution to the victims of

the Camry was stolen, Hilterbrand deposited $5,000 in $100 bills in the safe at the office of the Ranger Motel. Three people witnessed Hilterbrand's deposit of the cash. The next day, Hilterbrand removed the cash from the safe. He purchased a big screen television, a video cassette recorder and a Nintendo video game player. He also paid over $1,000 as a deposit and two months' rent on a mobile home. He purchased an expensive dinner at Red Lobster for four people and then finished the evening at the Cowboy South. The next day, he purchased a 1982 four-door car for $1,045 from a local car dealer. He paid for the car in $100 bills. The next day, Hilterbrand and his girlfriend and her children took a trip to California.

The district court ordered Hilterbrand to pay $10,500 in restitution. This appeal followed.

## DISCUSSION

■ WYO. STAT. § 7–9–103 (1995) requires the court to order restitution in a fixed, reasonable amount unless it specifically finds that the defendant is unable to pay. The amount of restitution fixed by the district court should be supported by evidence sufficient to afford a reasonable basis for estimating the loss. *Brenning v. State,* 870 P.2d 349, 350 (Wyo.1994); *Renfro v. State,* 785 P.2d 491, 493 (Wyo.1990). A challenge to the amount of restitution set by the court must demonstrate an abuse of discretion. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. *Christensen v. State,* 854 P.2d 675, 678 (Wyo.1993).

■ Hilterbrand contends that the district court abused its discretion by setting an amount of restitution that was not reasonable and not supported by credible evidence. He contends there are three major problems with the testimony regarding restitution: 1) it conflicts as to the origin of the money in the car; 2) it conflicts as to the amount of money in the car; and 3) it conflicts as to the amount of time the victim held the money in her purse.

The victims of the crime were Japanese and the record shows that the wife did not speak or understand English very well. The district court carefully questioned her concerning the figures:

COURT: Give me those figures again. Wells Fargo, how much?

A. About $500.

COURT: And Bank of America?

A. About $800.

COURT: And how much money did you take out of this bank before you left San Francisco, the Bank of Canton?

A. About 3,000.

\* \* \* \*

COURT: And how much money did your husband win, did you say?

A. About two—almost two-fifty something. I mean 2,500.

Questioning by the district attorney established that she also had in her possession about $4,000 received from family and friends. The record shows that the witness was definite as to the three sources of the money, the amount of the money and the time period involved. As the district court's findings are supported by the evidence, we affirm.