Thomas STOWE, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 99–285.

Supreme Court of Wyoming.

Aug. 22, 2000.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Hughes, Assistant Appellate Counsel.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Paul S. Rehurek, Deputy Attorney General.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

Appellant Thomas Frederick Stowe (Stowe) seeks review of the sentence imposed by the district court pursuant to his guilty plea. Stowe claims that the prosecution reneged on its end of a plea bargain to recom-

mend probation as Stowe's sentence. Stowe contends that because the State did not live up to the plea bargain, this matter should be remanded to the district court for re-sentencing, placing Stowe on probation, or permitting Stowe to withdraw his guilty plea. Stowe also contends that the trial court set restitution in an unreasonably high amount, which is not supported by the record. We affirm.

## ISSUES

Stowe phrases his issues as follows:

I. Does the State's breach of the plea agreement require remand to the trial court for withdrawal of the guilty plea or re-sentencing in accordance with the plea agreement?

II. Was the amount of restitution ordered by the trial court unreasonable?

The State rephrases those issues:

I. Did the State violate its plea agreement with Appellant?

II. Did the district court abuse its discretion in setting the amount of restitution?

## FACTS

Stowe pleaded guilty to a violation of Wyo. Stat. Ann. §§ 6–3–402(b) and (c)(i) (LEXIS 1999), larceny by a bailee, and was sentenced to a prison term of 20 months to 90 months, as well as to pay restitution of $8,787.58 to Dollar Rent A Car. The gravamen of the offense was that Stowe obtained a rented vehicle from Dollar Rent A Car and did not return it as agreed. Eventually, the rented vehicle was recovered by Dollar Rent A Car, in Nevada, in a damaged condition and missing a bench seat. Dollar Rent A Car submitted information, in itemized detail, to the Department of Corrections, Division of Field Services, indicating that it was damaged in the amount of $8,787.58 by Stowe's actions. That information was included in the Presentence Investigation Report. Stowe's guilty plea was entered in conjunction with a plea agreement, which had, as its salient feature, an agreement by the State to recommend probation for Stowe. If that plea agreement was reduced to a written form, such did not appear in the record on appeal.

At sentencing, it was evident from the very outset of that hearing that the trial court was not leaning in the direction of probation. The trial court had made it clear to Stowe at the guilty plea proceedings that it was not bound by the plea agreement when imposing sentence, and Stowe acknowledged that bit of information. See W.R.Cr.P. 11(e)(1)(B).[1] The trial court was very skeptical about Stowe's willingness to plead guilty and, at the same time, protest his innocence. The trial court was disturbed to learn that Stowe did not make the proper arrangements with the Department of Corrections to provide information for the Presentence Report and, as a result, it was necessary for a warrant to be issued for his arrest and for Stowe to be returned to Wyoming and held in custody pending sentencing. As a part of the sentencing proceedings, the prosecution, in response to a question from the judge, acknowledged that it had not been aware of much of the information contained in the Presentence Report, and that there was an outstanding warrant for Stowe's arrest in Colorado. Stowe himself admitted that he had not lived up to the terms of a probation agreement he entered into in Colorado and had his usual list of excuses or "explanations" for why that was not really his fault. The prosecution also acknowledged that it had agreed to a probation recommendation.

---

1. W.R.Cr.P. 11(e)(2) provides in pertinent part:
   If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.
   The trial court advised Stowe that it was not bound by the plea agreement, but failed to inform Stowe of the information quoted above. No issue is raised in this regard, and we will not address the matter further. However, we point out this deficiency in order to further educate Bench and Bar of the requirement, and that failure to comply with this provision may require reversal of a conviction such as the instant one, and remand for the purpose of permitting the defendant to withdraw his plea if he so chooses, though it may also be treated as harmless error. W.R.Cr.P. 11(h); 1A Charles Alan Wright, Federal Practice and Procedure: Criminal 3rd § 178, fn. 36 (1999).

### Did the State Renege on the Plea Bargain?

■ The record does not bear out Stowe's claim that the State reneged on the plea bargain. The State agreed to recommend probation, but it did not agree to stand silent or to withhold relevant information from the trial court during the sentencing proceedings, particularly in view of the trial court's direct inquiry in that regard. *See Swingholm v. State*, 910 P.2d 1334, 1338 (Wyo. 1996); and *Jackson v. State*, 902 P.2d 1292, 1294 (Wyo.1995). The State acknowledged its agreement to recommend probation, so the trial court was fully aware that that was the plea bargain. It is also evident that Stowe's propensity for admitting guilt, but in the same breath professing innocence, did not sit well with the trial court. Likewise, Stowe's history of not living up to a probation agreement in Colorado and his failure to abide by the terms of his bail pending sentencing plainly left the trial court with a confidence that Stowe was not a good prospect for probation. All of the information, which Stowe claims was volunteered by the prosecution, was contained in the Presentence Report. We find no error in this regard.

### Is the Amount of Restitution Ordered Supported by Sufficient Evidence?

■ Stowe concedes that he owes restitution for a portion of the unpaid rental charges in the amount of $2,495.00, but challenges the trial court's determination that the other amounts claimed by Dollar Rent A Car are his responsibility. He also asserts that there is no credible evidence to support that portion of the restitution award. Dollar Rent A Car submitted a victim impact statement to the Department of Corrections, which was incorporated into the Presentence Report. In that statement, Dollar Rent A Car sought restitution for: Unpaid rental charges of $6,266.09; costs of damages, towing and storage totaled $1,571.49; and cost of a missing bench seat in the amount of $950.00. The total amount of restitution sought was $8,787.58.

■ As a part of the sentencing process, the trial court is required to order a defendant to pay restitution, if applicable, and if the defendant has the ability to pay or if there is a reasonable probability that he will have the ability to pay. Wyo. Stat. Ann. § 7–9–102 (LEXIS 1999). Appellate review of ordered restitution is confined to a search for procedural error or a clear abuse of discretion. *Aldridge v. State*, 956 P.2d 341, 343 (Wyo.1998). The amount of restitution fixed by the trial court should be supported by evidence sufficient to afford a reasonable basis for estimating the loss. *Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo.1997). A challenge to the amount of restitution set by the court must demonstrate an abuse of discretion. *Id.* "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Brock v. State*, 967 P.2d 26, 27 (Wyo.1998) (*quoting Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)). As in *Brock*, here, Stowe's only complaint is that there was no credible evidence to provide a reasonable basis for ordering restitution. In *Brock* we held that a victim impact statement, such as that incorporated into the Presentence Report in this case, is credible evidence upon which a trial court may impose a restitution amount. *Id.* We hold that the trial court did not abuse its discretion under the circumstances of this case, and that the restitution award is supported by credible evidence.

The Judgment and Sentence of the trial court are affirmed in all respects.