2002 WY 3

**Gordon Samuel HART, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 00–201.

Supreme Court of Wyoming.

Jan. 10, 2002.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Assistant Appellate Counsel, Representing Appellant.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL and KITE, JJ.

LEHMAN, Chief Justice.

[¶ 1] Gordon Samuel Hart appeals from the district court's denial of his motion for reconsideration of the amount of restitution to be paid each month. This court finds no error or abuse of discretion in the district court's denial of Hart's motion to reconsider and thus affirms the district court's decision.

### ISSUES

[¶ 2] Hart presents two issues:

I. Did the trial court err in denying appellant's Motion for Court to Reconsider Amount of Monthly Restitution?

II. Did the trial court commit procedural error in its denial of appellant's Motion for Court to Reconsider Amount of Monthly Restitution?

The State identifies a single issue:

Did the trial court properly deny appellant's motion for reconsideration of the amount of restitution he was to pay each month?

### FACTS

[¶ 3] On August 23, 1999, Hart was charged with one count of conspiracy to commit burglary, one count of possession of marijuana, and one count of possession of psilocybin mushrooms. On September 24, 1999, Hart entered a plea of nolo contendere to the conspiracy charge and a guilty plea to the marijuana possession charge, pursuant to a plea agreement. In return, the State dropped the psilocybin possession charge, recommended a two-to-six year sentence, and further recommended that the sentence be suspended in favor of a three-year probationary term conditioned on Hart's participation in the Intensive Supervision Program (ISP) and payment of restitution to the victims of the burglary. The district court accepted Hart's pleas and ordered a presentence investigation report (PSI). The PSI was filed with the court on December 6, 1999, and a sentencing hearing was set for December 30, 1999.

[¶ 4] At the sentencing hearing, the district court considered the findings of the PSI report, as well as additional statements from Hart. The PSI report indicated that Hart had graduated from high school over three years previously, during which time his employment record was spotty. Hart had taken two semesters of classes at a community college and then dropped out during this same period. The PSI further showed that Hart had a birth defect affecting his hands which apparently caused him difficulty in obtaining work, but which did not preclude gainful employment. The PSI reported that Hart was willing to pay twenty-five dollars per month in restitution. The district court, however, was unsatisfied with the proffered twenty-five dollars restitution per month. Hart's counsel indicated that at least one hundred dollars a month would be appropriate. The district court continued the sen-

tencing proceedings pending Hart's acceptance into the ISP.

[¶ 5] After Hart had been accepted into the ISP, the court finished the sentencing hearing on March 16, 2000. At that hearing, the district court suspended two concurrent terms of imprisonment of four to six years and informed Hart that, among the conditions of his probation, he had to remain gainfully employed and, jointly and severally with the other defendants, pay $13,191 in restitution to the victims of the burglary. Hart told the court that he could make a restitution payment of fifty dollars per month. The court inquired into Hart's financial situation and set restitution at $150 per month, subject to a reduction upon a detailed showing that Hart could not pay that amount. Hart then filed a motion to reconsider the amount of monthly restitution ordered by the court.

[¶ 6] As part of his motion to reconsider, Hart included a report of his monthly income, hours worked, and expenses that was at odds with numbers that he had previously supplied. At the April 27, 2000 hearing on Hart's motion to reconsider, Hart proposed to pay seventy-five dollars per month in restitution, and reported, contrary to a statement by his employer, that he worked thirty-five to forty hours per week. The district court countered the offer with a proposal that Hart seek a part-time job on the weekends. Hart said that due to his medical condition, employment "takes a lot physically for me to do." The district court initially expressed willingness to reduce the amount of restitution, prior to the State's strong objection. The State reminded the court that Hart had been granted the leniency of probation and argued that Hart was now trying to escape punishment for the suffering he caused to the victims of the burglary. The State also reminded the court that Hart repeatedly gave differing reports of his expenses, the number of hours per week that

he worked, and the amount of restitution he could pay. The court's order denying the motion to reconsider issued on May 2, 2000, and Hart appealed.

## STANDARD OF REVIEW

[¶ 7] Pursuant to statutory direction, the district court ordered Hart to pay restitution of $150 per month.[1] Appellate review of a restitution order "is confined to a search for procedural error or a clear abuse of discretion." *Stowe v. State*, 10 P.3d 551, 553 (Wyo.2000) (quoting *Aldridge v. State*, 956 P.2d 341, 343 (Wyo.1998)). The appealing party bears the burden to show that an error was prejudicial and affected the appellant's substantial rights. *Trusky v. State*, 7 P.3d 5, 13 (Wyo.2000) (citing *Candelaria v. State*, 895 P.2d 434, 439–40 (Wyo. 1995)). A challenge to the restitution amount must demonstrate an abuse of discretion. *Stowe*, 10 P.3d at 553 (citing *Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo. 1997)). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Stowe*, 10 P.3d at 553 (citing *Brock v. State*, 967 P.2d 26, 27 (Wyo.1998) and *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)). The ultimate issue to be decided in determining whether there has been an abuse of discretion is whether or not the court could have reasonably concluded as it did. *Blumhagen v. State*, 11 P.3d 889, 892 (Wyo.2000) (citing *Hilterbrand*, 930 P.2d at 1250); *see also Newport v. State*, 983 P.2d 1213, 1217 (Wyo. 1999).

## DISCUSSION

[¶ 8] Hart concedes that this appeal is confined to a review for error in the denial of his motion for reconsideration but then goes

---

1. Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2001) provides:

   In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable

   probability exists that the defendant will have an ability to pay.

   Wyo. Stat. Ann. § 7–9–103 (Lexis 1999) provides in pertinent part:

   (a) The court shall require restitution by a defendant if it determines or finds that the defendant has or will have an ability to pay or that a reasonable probability exists that the defendant will have an ability to pay.

on to say that error occurred during the original sentencing as well. This court need only consider whether the district court erred in its denial of the motion for reconsideration, as the time to appeal the original sentencing order entered on March 20, 2000, passed without an appeal being filed. *See* W.R.A.P. 1.03, 2.01(a). However, as the statements made by the district judge and the parties at the original sentencing hearings are illustrative for the purpose of showing that the district court properly considered all relevant factors, such statements will be considered by this court.

[¶ 9] A trial court's discretion to order restitution springs from statutory law, not any inherent authority. *Aldridge v. State*, 956 P.2d 341, 343 (Wyo.1998); *Kahlsdorf v. State*, 823 P.2d 1184, 1191 (Wyo.1991). The trial court's discretion will be reviewed on the basis of that statutory law. *Aldridge*, 956 P.2d at 343 (citing *Badura v. State*, 832 P.2d 1390, 1391 (Wyo.1992)). Wyo. Stat. Ann. § 7–9–105 (LexisNexis 2001) provides that a trial court must consider several factors when making a plan of restitution. These factors are set out in Wyo. Stat. Ann. § 7–9–106(a) (LexisNexis 2001) and include the defendant's physical and mental health and condition, age, education, employment circumstances, potential for employment and vocational training, financial condition and whether the defendant has an ability to pay or whether a reasonable probability exists that the defendant will have an ability to pay, what plan of restitution will most effectively aid the rehabilitation of the defendant, and other appropriate factors. Hart contends that the district court was at first willing to reduce the amount of restitution ordered and then arbitrarily and capriciously decided against a reduction based on the unsubstantiated remarks of the prosecuting attorney. Where any part of a court's ruling is arbitrary, capricious, or beyond the bounds of reason, the decision should be reversed for an abuse of discretion. *Vaughn v. State*, 962 P.2d 149, 152 (Wyo.1998). In this case, the district court did not act arbitrarily, but properly considered the factors set out above in Wyo. Stat. Ann. § 7–9–106(a).

[¶ 10] A review of the record reveals that the district court was well aware of Hart's physical limitations, but based its decision in large part on motivating Hart to turn his life around. The district court was faced with a young man charged with his first felony; a man that was described in a psychiatric report as lacking direction or motivation in his life; a man that had a physical limitation, but one that meant gainful employment would be easier to find with an education—an education that the man had not persevered to obtain. Hart offered several varying reports of his income, the number of hours he worked, and his expenses. At one point, Hart claimed that he worked forty-two and a half hours per week. Subsequently, his employer certified that Hart worked only thirty-five hours per week. Hart contends that the trial judge's decision, based upon the idea that Hart could get another job and thus work the amount of hours he first stated, was unreasonable. This court finds nothing unreasonable in the district court's requirement that Hart work more hours in order to pay restitution to his victims, hours that Hart originally stated that he worked anyway.

[¶ 11] When sentencing a defendant, the court "necessarily enjoys wide discretion in the exceedingly difficult obligation of determining appropriate penalties for the myriad of situations and individuals which come before it." *Williams v. State*, 949 P.2d 878, 880 (Wyo.1997) (quoting *Hicklin v. State*, 535 P.2d 743, 754 (Wyo.1975)). Here the court considered many factors, including that Hart owned a trailer home, a car, and was provided with free food every day that he worked. The court found it important that Hart had not held a steady job since high school and had dropped out of college. The court sought to repay the victims for their pecuniary loss while attempting to give Hart a strong incentive to find and keep gainful employment and direction in his life. The district court repeatedly told Hart that if he was not able to make a successful attempt at making restitution to the victims of the robbery, he would find himself in prison. This court cannot say that the district court abused its discretion in ordering Hart to pay $150 per month in restitution. Clearly the district court made an informed decision based upon factors set out by statute. *See Hodgins v. State*, 962 P.2d 153, 160 (Wyo. 1998) (finding trial court's order to pay resti-

tution not abuse of discretion given circumstances of the case); *Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo.1997) (finding that district court did not abuse its discretion in setting amount of restitution to be paid as based on the evidence); *Brenning v. State*, 870 P.2d 349, 351 (Wyo.1994) (finding that the record contained ample evidence to support appellant's ability to pay); *Helmlinger v. State*, 855 P.2d 363, 366 (Wyo.1993) (record satisfies the demands of Wyo. Stat. Ann. § 7–9–103(a) with respect to a determination of the appropriate amount of restitution).

[¶ 12]   Hart also contends that the district court made a procedural error for which its denial of reconsideration of the amount of restitution ordered should be reversed.   Hart bases this contention on the fact that the district court did not have a plan for restitution developed between Hart and his probation and parole officer at the time of the reconsideration hearing.   Hart can cite no authority to support this contention as being cause for reversal.   Hart quotes the language in Wyo. Stat. Ann. §§ 7–9–104, –105, and –106 in support of his basis for error.   Wyo. Stat. Ann. § 7–9–104 provides in relevant part: "In any case in which the court has ordered restitution ... the court *shall* require that the defendant in cooperation with the probation and parole officer assigned to the defendant ... promptly prepare a plan of restitution including the name and address of each victim, the amount of restitution determined to be owed to each victim ... and a *schedule of restitution payments*." (Emphasis added.)   This court finds nothing in these statutes to require the district court to have any such plan prepared *before* it reconsiders the amount of restitution ordered.

[¶ 13]   Even if this court were to find that the district court erred in not having a plan prepared as Hart contends it should have been before the district court was allowed to reconsider the monthly amount of restitution owed, Hart still has the burden to prove that the supposed error prejudiced him.   *Stowe v. State*, 10 P.3d 551, 553 (Wyo.2000); *Trusky v. State*, 7 P.3d 5, 13 (Wyo.2000).   Hart has not shown how this type of technicality caused him prejudice. Hart claims that he was not able to present his position fully with regard to restitution as a result of the alleged procedural error. However, this court fails to see how a more formal written plan of restitution would have given Hart any additional basis on which to contest the amount of restitution ordered than was discussed above.   Hart knew that he was to pay $150 per month in addition to several other written conditions of his probation.   As discussed above, the amount of restitution ordered by the district court was reasonably supported by the evidence, based upon the factors to be considered as set out by statute.   Absent any authority that such a technicality is prejudicial and thus requiring reversal, this court finds that the district court did not err in its denial of Hart's motion for reconsideration.

### CONCLUSION

[¶ 14]   The district court reasonably considered the factors in Wyo. Stat. Ann. § 7–9–106(a) in ordering Hart to pay $150 per month in restitution.   There is no abuse of discretion or prejudicial procedural error upon which to reverse.   Accordingly, the district court's denial of the motion for reconsideration is hereby affirmed.