# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 11

OCTOBER TERM, A.D. 2013

*January 24, 2014*

KASEY J. PERKINS,

Appellant
(Defendant),

v.

S-13-0090

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Big Horn County*
*The Honorable Robert E. Skar, Judge*

*Representing Appellant:*

    Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Kirk A. Morgan, Senior Assistant Appellate Counsel.

*Representing Appellee:*

    Peter A. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey Pope, Assistant Attorney General; and Brian J. Fuller, Student Intern.

*Before KITE, C.J., and HILL, VOIGT\*, BURKE, and DAVIS, JJ.*

*\*Justice Voigt retired effective January 3, 2014.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]     Kasey Perkins entered *Alford* guilty pleas to four charges in the district court: two counts of promoting prostitution, one count of conspiracy to commit first degree sexual assault, and one count of aggravated assault and battery on a pregnant woman (his girlfriend).  On appeal, Perkins contends that the "no contact" condition of probation is not reasonably related to his rehabilitation and furthermore is an encroachment upon his fundamental right to raise his children.  We affirm.

## ISSUE

[¶2]     Mr. Perkins presents a single issue on appeal:

> Whether the district court abused its discretion when, during sentencing, and as a condition of probation, it ordered that Mr. Perkins have no contact with his minor children.

## FACTS

[¶3]     Beginning in 2004, Perkins assaulted and sexually abused A.H., his minor girlfriend.  In October of 2004 Perkins and another man, D.B., repeatedly punched and kicked A.H. while she was pregnant, hoping to cause a miscarriage.  When A.H. cried, Perkins told her to "shut up or it is going to be worse," and that she would be of no use to him while pregnant.

[¶4]     In 2004 and 2005 Perkins "sold" A.H. to D.B. for sex on two occasions.  Though A.H. expressed she did not want to do these things, her fear of Perkins forced her to comply with the sexual exploitation.  Additionally, between October and December of 2005, Perkins and D.B. forced A.H. to have sexual contact with the wife of D.B.

[¶5]     Perkins also abused his and A.H.'s child, S.P.  Between 2008 and 2011 Perkins touched S.P.'s genitals and breasts with his hands and private parts.  During those years, on several occasions Perkins forced S.P. to touch and rub his genitals, engage in oral sex, and have sex with him.  In May of 2011 A.H. went to the Big Horn County authorities and they subsequently arrested Perkins.

[¶6]     In 2011 and 2012 the State charged Perkins with one count of aggravated assault and battery on a pregnant woman, in violation of Wyo. Stat. Ann. § 6-2-502(a)(iv); two counts of promoting prostitution, in violation of Wyo. Stat. Ann. § 6-4-103(a)(i); three counts of sexual exploitation of a child, in violation of Wyo. Stat. Ann. § 6-4-303(b)(ii); and one count of conspiracy to commit sexual assault in the first degree, in violation of

1

Wyo. Stat. Ann. §§ 6-1-303(a) and 6-2-302(a)(i). The court sealed the file to protect the identities of the victims, all of whom were minors.

[¶7] After a series of preliminary motions, Perkins reached a plea agreement with the State and entered an *Alford* guilty plea on two counts of promoting prostitution, conspiracy to commit sexual assault in the first degree, and aggravated assault and battery on a pregnant woman. On October 30, 2012, the court entered a written Judgment Upon Plea of Guilty. Sentencing in this case was conducted on November 8, 2012, and the court accepted the plea agreement and issued a Sentence Order on March 26, 2013.

[¶8] After reviewing a Victim Impact Statement and a Presentence Investigative Report (PSI), the court sentenced Perkins to no less than ten years and no more than fifteen years imprisonment on the conspiracy to commit first degree sexual assault. The court imposed suspended sentences of incarceration and ten years probation on the remaining three counts to which Perkins pleaded guilty, to run consecutively with the term of the imprisonment for the conspiracy charge.

[¶9] After reviewing the various stipulations agreed to in Perkins' plea agreement, the district court noted:

> [COURT]: First of all, I consider you to be a very dangerous man, that you've affected many people's lives here for your own simple pleasure, and it's detestable and the Court is going to require you to be watched.

[¶10] The court then proceeded to impose 37 conditions of probation, including the following:

> The Defendant will not have contact with the victim of his offense, or the minor children of victim and Defendant, including but not limited to correspondence, telephone contact, text messaging, instant messaging or e-mail, or communication through third party. Upon the minor children of the victim and the Defendant reaching 18 years of age, the Defendant may have contact with the minor children.

[¶11] Regarding this provision, the court commented,

> [COURT]: … You are going to be in prison long enough that your kids are likely to be above the age of 18 before you get out, and if not you are not to have any contact with them until they are 18 and able to fend [for] themselves with you; do [you] understand that?

[PERKINS]:  Yes, sir.

[¶12]  This appeal followed.

## STANDARD OF REVIEW

[¶13]  When reviewing a district court's sentencing decision,

> [w]e review … for abuse of discretion. *Roeschlein v. State*,
> 2007 WY 156, ¶ 17, 168 P.3d 468, 473 (Wyo. 2007).   A
> sentence will not be disturbed because of sentencing . . .
> unless the defendant can show an abuse of discretion,
> procedural conduct prejudicial to him, circumstances which
> manifest inherent unfairness and injustice, or conduct which
> offends the public sense of fair play. *Id.*   An error warrants
> reversal only when it is prejudicial and it affects an
> appellant's substantial rights. *Id.*   The party who is appealing
> bears the burden to establish that an error was prejudicial. *Id*.

*Magnus v. State*, 2013 WY 13, ¶ 24, 293 P.3d 459, 467 (Wyo. 2013) (quoting *Noller v. State*, 2010 WY 30, ¶ 7, 226 P.3d 867, 869 (Wyo. 2010)).

## DISCUSSSION

[¶14]  Perkins states his issue on appeal as whether or not the district court abused its discretion when, during sentencing and as a condition of probation, it ordered that Perkins have no contact with his minor children.   He argues that the district court's "no contact" condition of probation is not reasonably related to his rehabilitation, and furthermore is an encroachment upon his fundamental right to raise his children. We find no abuse of discretion in the district court's sentencing decision.

[¶15]  This Court's precedent, by statute and case law, supports that a district court has broad discretion to consider a wide range of factors about a defendant and the crime when imposing a sentence.   *E.g.*, Wyo. Stat. Ann. § 7-13-304(a) (LexisNexis 2013) ("[t]he court **may** impose, and at any time modify, **any** condition of probation or suspension of sentence.") (emphasis added); *Jones v. State*, 2002 WY 35, ¶ 36 41 P.3d 1247, 1257-58 (Wyo. 2002); *Leyba v. State*, 882 P.2d 863, 865 (Wyo. 1994).

> They are free, in the exercise of their sentencing discretion, to
> consider victim impact statements, PSIs and other factors
> relating to the defendant and his crimes in imposing an
> appropriate sentence within the statutory range.   *Garcia v.*

3

*State*, 2007 WY 48, ¶ 10, 153 P.3d 941, 944 (Wyo. 2007) (citing *Smith v. State*, 2005 WY 113, ¶ 37, 119 P.3d 411, 422 (Wyo. 2005). Trial courts are permitted to consider a defendant's character when exercising their discretion to impose sentence. *Doherty* [*v. State*, 2006 WY 39], ¶ 35, 131 P.3d [963] at 974 [(Wyo. 2006)]. In evaluating character, the trial court may consider a broad range of reports and information. *Gorseth v. State*, 2006 WY 109, ¶ 15, 141 P.3d 698, 703 (Wyo. 2006). A defendant's cooperation with authorities and remorse for his actions are appropriate factors to be considered when imposing sentence. *Dodge v. State*, 951 P.2d 383, 386 (Wyo. 1997). A sentencing recommendation contained in a PSI is one of the factors that a court may properly consider in determining the appropriate sentence to impose. *Duke v. State*, 2009 WY 74, ¶ 15, 209 P.3d 563, 569 (Wyo. 2009).

*Magnus*, ¶ 25, 293 P.3d 459 (quoting *Noller*, ¶ 13, 226 P.3d at 871).

[¶16] Perkins argues that the wide discretion afforded to courts in sentencing is not without limitation. He argues that the "no contact" condition of his probation is not "reasonably related" to his rehabilitation, the criminal conduct for which he was convicted, or protection of the public. *See Jones*, ¶ 36, 41 P.3d at 1258. Indeed, in *Jones*, this Court recognized some limitations in imposing conditions of probation stating that "probation conditions must be reasonably related to rehabilitation, to the criminal conduct for which the probationer was convicted, and to the deterrence of future criminal conduct." *Id.*, ¶ 36, 41 P.3d at 1258 (citing *Lansing v. State*, 669 P.2d 923, 927-28 (Wyo. 1983)).

[¶17] Nevertheless, after a district court considers the wide latitude of variables in a defendant's case and circumstances, it can impose any probation condition so long as it is reasonably related to a penal goal such as rehabilitation, deterrence, or public protection. *See Jones*, ¶ 36, 41 P.3d at 1257-58. The court must "take into consideration on a case-by-case basis the nature and circumstances of the offense and the probationer's history and characteristics." *State v. McAuliffe*, 2005 WY 165, ¶ 17, 125 P.3d 276, 280 (Wyo. 2005). Here, that is exactly what the district court did.

[¶18] Perkins' violent and sexually perverse actions, as evidenced in the record, were not rare occurrences. Perkins punched and kicked his girlfriend, A.H., while she was pregnant, attempting to force a miscarriage. Later, he "sold" A.H., forcing her to have sex with another man. Perkins admitted to these acts as part of his plea agreement.

4

[¶19] In addition to the charges for which Perkins was convicted, the district court properly considered A.H.'s victim statement at sentencing, as well as other charges against Perkins – even those charges for which he was not convicted. *See Magnus*, ¶ 25, 293 P.3d at 468; *see also, Manes v. State,* 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo. 2004) ("Evidence of prior criminal activity is 'highly relevant to the sentencing decision' and may be considered by the sentencing court despite the fact that no prosecution or conviction may have resulted.") (quoting *Mehring v. State*, 860 P.2d 1101, 1117 (Wyo. 1993)).

[¶20] In her statement A.H. described how Perkins hurt S.P., who had to "[come] in this world fighting and now she'll have to fight the same way the rest of her life with guilt and depression." Indeed, the State originally charged Perkins with the repeated rape and sexual assault of S.P. Perkins' actions were detrimental to A.H. and his minor children – they were the victims. Therefore, it is abundantly clear and within the broad discretion of sentencing that a "no contact" condition is "reasonably related" to the violent sexual crimes for which he was convicted and for which he was charged. Furthermore, the "no contact" condition, as a punitive measure, will deter similar future criminal acts and is well within the purview of the public interest. There is little doubt that the condition of probation meets the "reasonably related" nexus of fitting Perkins' condition of probation to the broader circumstances under which he was brought to justice.

[¶21] We likewise reject Perkins' assertion that the "no contact" provision impermissibly encroaches on his fundamental right as a parent to raise his children. *See e.g.*, *Quilloin v. Walcott*, 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed. 2d 511 (1978) (identifying that "on numerous occasions" the Court has recognized the relationship between parent and child as constitutionally protected). Perkins contends that even assuming *arguendo* the condition is valid, it impinges on a constitutional right and thus must be subject to "special scrutiny." *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir. 1975). Perkins argues that "special scrutiny" requires that those conditions must be carefully tailored and reasonably related to the goal of reformation and rehabilitation and prohibiting further illegal conduct. *Id*.; *see also Jones*, ¶ 38, 41 P.3d at 1258 (this Court noted that blanket prohibitions in probation conditions, encroaching on one's constitutional right to privacy, may not be reasonable where the intrusion does not balance against the private interest).

[¶22] Distinguishable from this Court's holding in *Jones*, here the district court sufficiently tailored the "no contact" condition when it specifically applied that provision to A.H.'s two children – the victims of his crimes. *See Jones*, ¶ 44, 41 P.3d at 1259-60. Here, not only was the district court specific in defining no contact with his two children – the victims of his repeated abuse, but the court also limited the condition to cover only that time in which the children are minors. Here, and contrary to *Jones*, the conditions imposed by the district court were specific – "no contact" with Perkins' two children until the age of majority. Furthermore, and as noted before, the condition was reasonably

related to protecting those children from the significant and chronic pattern of abuse for which Perkins was charged.

[¶23] Furthermore, although this Court has never directly addressed the constitutional issue of concern here, similar circumstances have led other courts to uphold similar probation conditions. The North Dakota Supreme Court upheld a blanket prohibition preventing a defendant convicted of sexual abuse of a child from having contact with any minor, including his own. *See State v. Ehli*, 2004 ND 125, ¶ 11, 681 N.W.2d 808, 810 (N.D. 2004) (the court noted the constitutional dimension of the parent-child relationship, but stated, "[t]hat right is not, however absolute and unconditional, and it may be curtailed or suspended if harmful to the child." *Id.*, ¶ 9, 681 N.W.2d 809 (citing *In re B.N.*, 2003 ND 68, ¶ 19, 660 N.W.2d 610, 615 (N.D.2003)). Colorado upheld a similar condition because the condition specifically listed with whom the convicted sexual child-abuser could not associate. *People v. Devorss*, 277 P.3d 829, 835-36 (Colo. Ct. App. 2011) (The court found no ambiguity in the provision: "[y]ou shall have no contact with any child under the age of eighteen (18), including your own children[.]"). Georgia affirmed a blanket "no contact" until majority-age condition between the defendant and his seven-year-old daughter after he molested her. *Tuttle v. State*, 450 S.E.2d 863, 864-65 (Ga. Ct. App. 1994). In *Tuttle*, the court held, "[a] condition of probation which precludes contact between the perpetrator of a sexual crime and his victim bears a reasonable relation to future criminality especially where a family relationship provided the opportunity for the past criminal conduct." *Id*. at 864 (citing *Potts v. State*, 207 Ga. App. 863, 866(3), 429 S.E.2d 526 (1993); *Hardman v. Hardman*, 185 Ga. App. 519, 521(5), 364 S.E.2d 645 (1988) (overruled on other grounds); *Pender v. Witcher*, 196 Ga. App. 856, 397 S.E.2d 193 (1990); *West v. State*, 160 Ga. App. 855, 856(4), 287 S.E.2d 694 (1982)). Florida has upheld a similar condition for those same reasons.

> We hold that a special condition of probation which precludes contact between the perpetrator of a sexual crime and his or her victim bears a reasonable relation to future criminality especially where a familial relationship provided the opportunity for the past criminal incident.

*Jano v. State*, 559 So. 2d 1270, 1272 (Fla. Dist. Ct. App. 4th Dist. 1990). All of these cases support the proposition that "no contact" probation conditions will be upheld where they are used to protect victims from a defendant. This is exactly what the district court did here.

[¶24] Finally, Perkins argues that the "no contact" probation condition violates his constitutional right to raise his children, regardless of his fitness as a parent. *See Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1395, 71 L.Ed. 2d 599 (1982), ("Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life."). Nevertheless, those rights are

6

diminished for probationers such as Perkins. *See United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587, 591, 151 L.Ed. 2d 497 (2001) ("Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."). Wyoming law recognizes these diminished rights permitting the termination of parental rights for, among other factors, incarceration due to conviction of a felony. *See* Wyo. Stat. Ann. § 14-2-309 (LexisNexis 2013); *In re Adoption of JLP*, 774 P.2d 624, 631-632 (Wyo. 1989) (termination of parental rights after conviction for crimes of a sexually abusive nature, court stated that child would be an adult before expiration of defendant's minimum prison term). Furthermore, when considering terminating parental rights, this Court has stated, "[w]hen the rights of a parent and the rights of a child are on a collision course, the rights of the parent must yield." *See In re MLM*, 682 P.2d 982, 990 (Wyo. 1984). Here, Perkins' rights must yield. The "no contact" condition of probation prioritizes the rights of Perkins' children – it effectively prevents any further abuse against the victims while they are minors.

## CONCLUSION

[¶25] Based upon the broad sentencing discretion of district courts, supported by Wyoming statute and substantial precedent, we find no abuse of discretion in the district court's imposition of a "no contact" condition of probation in Perkins' sentencing.