2018 WY 6

**Donna ANDERSON, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**S-17-0123**

Supreme Court of Wyoming.

January 22, 2018

Representing Appellant: Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L Delicath, Deputy Attorney General; Christyne Martens, Senior Assistant Attorney General; and Samuel Williams, Assistant Attorney General. Argument by Mr. Williams.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

HILL, Justice.

[¶1] Donna Anderson pled guilty to exploitation of a vulnerable adult, and was sentenced to a prison term of four to six years, suspended in favor of six years of supervised probation. As a condition of her probation, Ms. Anderson was ordered to pay restitution to her victim. Ms. Anderson does not claim error in the amount of restitution ordered, but she contends on appeal that the district court exceeded its authority by imposing additional probation conditions related to the restitution. We find no error in the district court's sentencing order and affirm.

## ISSUE

[¶2] Ms. Anderson presents one issue on appeal, which we restate as:

Did the district court have authority to impose restitution-related conditions on Ms. Anderson's probation without first approving a restitution plan?

## FACTS

[¶3] Donna Anderson was the designated social security disability payee for her brother, Glendon "AD" Hines, from October 2014 until sometime in December 2015. At some point, Mr. Hines discovered that Ms. Anderson had been using his benefits for her own personal expenses. When Mr. Hines' other family members learned of this, they confronted Ms. Anderson and demanded that she repay Mr. Hines. When Ms. Anderson showed no remorse for her actions and refused to adhere to a payment plan for returning Mr. Hines' funds, the family, in April 2016, contacted law enforcement.

[¶4] Detective Terry Jackson of the Casper Police Department investigated the allegations against Ms. Anderson. As part of that

investigation, Detective Jackson obtained a search warrant for bank records pertaining to Ms. Anderson and Mr. Hines. Through examination of those records, Detective Jackson learned that during the period of December 2, 2014 to December 21, 2015, Ms. Anderson had used a total of $27,879.16 of Mr. Hines' disability benefits for her own personal expenses, which included $11,469.30 for mortgage payments on her home.

[¶5] On October 19, 2016, the State filed an information against Ms. Anderson, followed by an amended information on November 3, 2016. The amended information charged Ms. Anderson with one count of theft of property valued in excess of $1,000.00, and one count of exploitation of a vulnerable adult. On January 24, 2017, pursuant to a plea agreement, Ms. Anderson pled guilty to exploitation of a vulnerable adult. The district court accepted Ms. Anderson's guilty plea and granted the State's motion to dismiss the theft charge.

[¶6] On April 21, 2017, the district court entered its judgment and sentence. The court sentenced Ms. Anderson to a prison term of four to six years, suspended in favor of six years of supervised probation. The court placed a number of conditions on Ms. Anderson's probation, including the following:

> 8. That the Defendant shall not purchase any cable television or cell phone services while restitution obligations are outstanding.
>
> . . . .
>
> 10. That the Defendant shall liquidate any recreational vehicle or trailer in her possession and shall put funding from said recreational vehicle or trailer liquidation towards any restitution owed forthwith and without undue delay.
>
> 11. That the Defendant pay restitution in the amount of Twenty-Seven Thousand Eight Hundred Seventy-Nine Dollars and Sixteen Cents ($27,879.16) to Glendon Hines through his payee, [payee name and address omitted], and shall make minimum monthly payments each and every month of no less than Five Hundred Dollars ($500.00), and with the first payment to be paid by May 31, 2017, with said sum being paid through the Clerk of the District

Court, in and for Natrona County, Wyoming, as directed by the Department of Corrections, Probation and Parole.

[¶7] On April 28, 2017, Ms. Anderson filed a timely notice of appeal to this Court.

## DISCUSSION

[¶8] Ms. Anderson contends that the district court acted outside its authority when it set her restitution payments at $500.00 per month, restricted her from purchasing cable television or cell phone services, and directed that her recreational vehicles and trailers be liquidated. In so arguing, Ms. Anderson does not claim that these conditions are inherently impermissible or that the district court abused its discretion in imposing the conditions. She instead argues that per the governing statutes, such conditions may only be imposed as part of a restitution plan that has been prepared by a defendant in cooperation with a probation officer, or whomever else the court directs, and submitted to the sentencing court for its approval or modification. Absent this process, Ms. Anderson contends that the sentencing court is without authority to impose the challenged conditions.

[¶9] The State argues that the district court has authority with or without a restitution plan to impose restitution-related conditions on a defendant's probation. In keeping with that position, the State contends that the $500.00 minimum monthly payment was a reasonable requirement and one that the district court had authority to impose. As to the remaining conditions, however, the State takes a different position and offers to concede error. With respect to the restriction on the purchase of cell phone and cable television services, the State contends that such a restriction may in some cases be a reasonable probation condition, but it asserts that in this case, the record does not support the condition. With respect to the required liquidation of recreational assets, the State contends that the district court exceeded its authority because such a liquidation may only be accomplished through an execution on the court's judgment.

[¶10] Because the State conceded error that was not asserted by Ms. Anderson, we

will address the State's concession separately from our consideration of Ms. Anderson's claim. We thus begin our discussion with Ms. Anderson's contention that any restitution-related condition on probation exceeds the sentencing court's authority unless it is imposed as part of a court-approved restitution plan. We will then turn to the State's concessions.

## A. Standard of Review

▆▆▆ [¶11] To the extent we must interpret the district court's sentencing authority, the question is one of statutory construction, which we review *de novo. Farnsworth v. State*, 2017 WY 137, ¶ 7, 405 P.3d 1067, 1069 (Wyo. 2017); *see also Smith v. State*, 2012 WY 130, ¶¶ 12-13, 286 P.3d 429, 433 (Wyo. 2012) (noting court's authority to order restitution is statutory and any challenge to that authority is reviewed *de novo*). As to the appropriateness of the district court's probation conditions, we have recognized that a district court has broad discretion in making sentencing decisions, including in imposing conditions on probation. *Harada v. State*, 2016 WY 19, ¶ 13, 368 P.3d 275, 279-80 (Wyo. 2016). "An abuse of discretion does not occur unless a court has acted in a manner which exceeds the bounds of reason under the circumstances." *Harada*, ¶ 13, 368 P.3d at 280 (quoting *Noel v. State*, 2014 WY 30, ¶ 38, 319 P.3d 134, 147 (Wyo. 2014)).

## B. Sentencing Court's Authority Outside a Restitution Plan

▆▆▆ [¶12] Ms. Anderson's claim that a sentencing court may impose a restitution-related condition on probation only through the use of a restitution plan is strictly a question of statutory interpretation. We thus consider her claim according to our usual rules of statutory interpretation.

> We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia*. When a statute is sufficiently clear and unambiguous, we give effect to

the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation.

*Sikora v. City of Rawlins*, 2017 WY 55, ¶ 23, 394 P.3d 472, 479 (Wyo. 2017) (quoting *Bates v. Chi. Lumber Co.*, 2016 WY 58, ¶ 27, 375 P.3d 732, 739 (Wyo. 2016)).

[¶13] A sentencing court "may impose, and at any time modify, any condition of probation or suspension of sentence." Wyo. Stat. Ann. § 7-13-304(a) (LexisNexis 2017). We have interpreted this provision to allow a court discretion to impose any condition of probation that is "reasonably related to rehabilitation, to the criminal conduct for which the probationer was convicted, and to the deterrence of future criminal conduct." *Harada*, ¶ 21, 368 P.3d at 281 (quoting *Perkins v. State*, 2014 WY 11, ¶ 16, 317 P.3d 584, 588 (Wyo. 2014)). Here, Ms. Anderson does not challenge the reasonableness of the district court's probation conditions but instead contends only that the statute requiring preparation of a restitution plan restricts a court's authority to otherwise impose restitution-related probation conditions. We disagree.

[¶14] The statutory requirement for a restitution plan reads, in relevant part:

> In any case in which the court has ordered restitution under W.S. 7-9-102, 7-9-113 or 7-13-301, if the sentencing court orders suspended imposition of sentence, suspended sentence or probation, the court shall require that the defendant in cooperation with the probation and parole officer assigned to the defendant, or in the case of unsupervised probation any probation and parole officer or any other person the court directs, promptly prepare a plan of restitution including the name and address of each victim, the amount of restitution determined to be owed to each victim pursuant to W.S. 7-9-103 or 7-9-114 and a schedule of restitution payments.

Wyo. Stat. Ann. § 7-9-104(a) (LexisNexis 2017).

[¶15] This provision may contemplate that restitution-related conditions be included in a

restitution plan, but it contains no language restricting a sentencing court's authority to impose such conditions outside a formalized restitution plan. Moreover, the requirement of a restitution plan does not act to constrain the court's discretion over restitution terms. In accordance with Wyo. Stat. Ann. § 7-9-105, ultimate approval of a restitution plan remains with the court and the court has discretion to modify a submitted plan to reflect conditions the court finds warranted. Section 105 provides:

> The defendant's plan of restitution and the comments of the probation and parole officer or any other person directed by the court to assist in the preparation of the restitution plan shall be submitted promptly to the court. The court shall promptly enter an order approving the plan *or modifying it* and providing for restitution payments to the extent that the defendant is or may become reasonably able to make restitution, taking into account the factors enumerated in W.S. 7-9-106. The court may modify the plan at any time upon the defendant's request, upon the court's own motion and, for those cases within the provisions of W.S. 7-9-113 through 7-9-115, upon the motion of the victim.

Wyo. Stat. Ann. § 7-9-105 (LexisNexis 2017) (emphasis added).

[¶16] When it comes down to it, there is little to distinguish a restitution term imposed in a restitution plan from one imposed outside the plan as a separate probation condition: The court considers the same factors whether it sets restitution terms in a restitution plan or outside the plan [1]; once approved, a restitution plan becomes a probation condition [2]; and a defendant has the same right to challenge the reasonableness of a restitution term whether it is part of a restitution plan or imposed outside the plan.[3] It would therefore be, in our view, nonsensical to allow the sentencing court full discre-

tion to set restitution terms as part of a restitution plan, but declare that exercise of discretion invalid if the court orders the same terms as separate probation conditions. There is simply nothing in the language of § 7-9-104(a) that requires such a result. *See City of Casper v. Holloway*, 2015 WY 93, ¶ 20, 354 P.3d 65, 71 (Wyo. 2015) (statute will not be interpreted in a way that produces absurd results).

[¶17] We recognized as much when we rejected a similar challenge in *Hart v. State*, 2002 WY 3, ¶¶ 12-13, 37 P.3d 1286, 1290 (Wyo. 2002). In *Hart*, the defendant was placed on probation and ordered to make restitution payments of $150.00 per month. *Hart*, ¶ 5, 37 P.3d at 1288. The court set the monthly payment "subject to a reduction upon a detailed showing that Hart could not pay that amount." *Id.* The defendant then filed a motion for reconsideration, arguing his income and expenses justified a reduction in the monthly payment. *Id.* The district court denied the motion, and on appeal, the defendant claimed the district court erred in denying the reduction without first having a restitution plan in place. *Id.*, ¶ 12, 37 P.3d at 1290.

[¶18] In upholding the district court's decision in *Hart*, we held:

> Hart also contends that the district court made a procedural error for which its denial of reconsideration of the amount of restitution ordered should be reversed. Hart bases this contention on the fact that the district court did not have a plan for restitution developed between Hart and his probation and parole officer at the time of the reconsideration hearing. Hart can cite no authority to support this contention as being cause for reversal. Hart quotes the language in Wyo. Stat. Ann. §§ 7-9-104, -105, and -106 in support of his basis for error. * * * This court finds nothing in

---

**1.** Wyo. Stat. Ann. § 7-9-106(a) (LexisNexis 2017) sets forth a non-exclusive list of factors to be considered in preparing, modifying, and approving a restitution plan, and those factors mirror those we would expect a sentencing court to consider in setting restitution terms.

**2.** Wyo. Stat. Ann. § 7-9-108(a) (LexisNexis 2017) provides that "[c]ompliance with the plan of

restitution as approved or modified by the court shall be a condition of the defendant's probation or suspension."

**3.** Again, Ms. Anderson has not claimed that the district court abused its discretion or that the restitution conditions imposed were unreasonable.

these statutes to require the district court to have any such plan prepared *before* it reconsiders the amount of restitution ordered.

Even if this court were to find that the district court erred in not having a plan prepared as Hart contends it should have been before the district court was allowed to reconsider the monthly amount of restitution owed, Hart still has the burden to prove that the supposed error prejudiced him. *Stowe v. State*, 10 P.3d 551, 553 (Wyo. 2000); *Trusky v. State*, 7 P.3d 5, 13 (Wyo. 2000). Hart has not shown how this type of technicality caused him prejudice. Hart claims that he was not able to present his position fully with regard to restitution as a result of the alleged procedural error. However, this court fails to see how a more formal written plan of restitution would have given Hart any additional basis on which to contest the amount of restitution ordered than was discussed above. Hart knew that he was to pay $150 per month in addition to several other written conditions of his probation. As discussed above, the amount of restitution ordered by the district court was reasonably supported by the evidence, based upon the factors to be considered as set out by statute. Absent any authority that such a technicality is prejudicial and thus requiring reversal, this court finds that the district court did not err in its denial of Hart's motion for reconsideration.

*Hart*, ¶¶ 12-13, 37 P.3d at 1290.

■ [¶19] Our reasoning in this case is consistent. The statutes that require preparation and submission of a restitution plan do not restrict a district court's authority to impose restitution-related terms as conditions of probation rather than as part of a restitution plan. There is simply no practical difference between the two means of imposing such conditions. Thus, while the record contains no indication that the district court

ordered preparation of the required restitution plan, that failure does not affect the validity of the challenged probation conditions.

## C. State's Offer of Concession

[¶20] The State takes the position that the district court's probation condition restricting Ms. Anderson from the purchase of cell phone and cable television services is unreasonable based on the record before the district court and the district court thus abused its discretion in imposing the condition. As to the condition requiring liquidation of Ms. Anderson's recreational assets, the State contends that the district court exceeded its authority because such a liquidation may only be accomplished through an execution on the court's judgment. While we appreciate the candor in the State's offer to concede error, we view these conditions differently and therefore decline the State's offer.[4]

### 1. Restriction on Cell Phone and Cable Services

■ [¶21] As we indicated above, a district court has broad discretion in imposing conditions on probation, so long as any condition imposed is "reasonably related to rehabilitation, to the criminal conduct for which the probationer was convicted, and to the deterrence of future criminal conduct." *Harada*, ¶¶ 13, 21, 368 P.3d at 280, 281. We have explained:

[A]fter a district court considers the wide latitude of variables in a defendant's case and circumstances, it can impose any probation condition so long as it is reasonably related to a penal goal such as rehabilitation, deterrence, or public protection. *See Jones [v. State]*, 2002 WY 35, ¶ 36, 41 P.3d [1247] at 1257–58 [ (2002) ]. The court must "take into consideration on a case-by-case basis the nature and circumstances of the offense and the probationer's history and characteristics." *State v. McAuliffe*, 2005

---

4. We could decline to address the State's concession on grounds that it presents issues not raised on appeal and presents new arguments on appeal. Indeed, the State's position is directly contrary to its position at sentencing when it specifically asked the district court to impose the conditions it now contends are an abuse of dis-

cretion and outside the district court's authority. In the interests of judicial economy, however, we will address the concessions. Were we to do otherwise, we anticipate that a W.R.Cr.P. 35(a) motion, claiming the very error asserted in the State's concession, would eventually bring us back to this same point.

WY 165, ¶ 17, 125 P.3d 276, 280 (Wyo. 2005).

*Harada*, ¶ 21, 368 P.3d at 281-82 (quoting *Perkins*, ¶ 17, 317 P.3d at 588).

[¶22] The record the district court had before it demonstrated that Ms. Anderson converted her brother's disability benefits to her own use for mortgage payments and personal expenses including cell phone and cable television services. The presentence investigation report (PSI) reported that Ms. Anderson made comments "that indicated she believes she has done nothing wrong, and takes very little accountability for her actions." Additionally, during sentencing the district court heard from the victim's sister, who stated:

> We recognize that some of the financial hardships Donna has experienced over the years have been caused by situations that have been out of her control, but a lot of her problems have been self inflicted. Whatever the cause of the financial crisis Donna was in, I'm sure—I'm sure she saw that the only way out was to take advantage of every resource she could, including AD's money. That fact that Donna used AD's money as if it was rightfully hers is bad enough. What makes it even worse is that while she was giving AD just enough money to barely keep his head above water and telling him what he could and could not spend his money on, she was indulging in extravagances and expensive gifts for herself and her family. And I don't understand how she could think that was okay.
>
> And now AD is experiencing a very severe financial crisis of his own due to several—a combination of situations that he has no control over. This would still be frustrating but at least a manageable situation if he had the money that she took from him to fall back on. Donna's financial crisis was not AD's fault nor was it his responsibility, and he shouldn't have to suffer for it.
>
> None of us want to see Donna incarcerated. We only want her to recognize and take responsibility for what she's done to AD, show some genuine remorse, and start paying it back on a regular basis in a

significant amount that makes a real difference in AD's finances.

[¶23] In its exercise of discretion, a sentencing court may consider victim impact statements, PSIs, and other factors relating to the defendant and his crimes in imposing an appropriate sentence. *Perkins*, ¶ 15, 317 P.3d at 587 (quoting *Magnus v. State*, 2013 WY 13, ¶ 25, 293 P.3d 459, 468 (Wyo. 2013)). That information in this case showed Ms. Anderson to be a defendant who failed to take responsibility for her own financial circumstances, used her disabled brother's resources to pay for items such as cell phone and cable television services, and failed to recognize the wrong she had committed against her brother.

[¶24] In light of this record, we cannot say that the district court's restriction on Ms. Anderson's use of funds for these types of services exceeded the bounds of reason. *See Harada*, ¶ 13, 368 P.3d at 280 ("An abuse of discretion does not occur unless a court has acted in a manner which exceeds the bounds of reason under the circumstances."). The restriction was related to Ms. Anderson's crime, and the court could reasonably believe that prioritizing the restitution requirement would heighten Ms. Anderson's awareness of her crime's ramifications and assist in her rehabilitation. We therefore find no abuse of discretion in the district court's imposition of this probation condition.

## 2. Liquidation of Recreational Assets

[¶25] The State offered to concede error for the district court's probation condition directing liquidation of Ms. Anderson's recreational assets, not because the condition was an abuse of discretion, but because such a liquidation may only be accomplished through an execution on the court's judgment. We again disagree.

[¶26] In support of its position, the State points to the statute governing execution on a restitution order, which provides:

> Any order for restitution under this chapter constitutes a judgment by operation of law on the date it is entered. To satisfy the judgment, the clerk, upon request of the victim, the division of victim

services or the district attorney, shall issue execution in the same manner as in a civil action.

Wyo. Stat. Ann. § 7-9-103(d) (LexisNexis 2017).

[¶27] The State contends that this provision acts as a restriction on the district court's authority to order a liquidation of assets, and it points to our decision in *Mitchell v. State*, 982 P.2d 717 (Wyo. 1999) to bolster that position. We reject both assertions.

[¶28] First, with respect to § 7-9-103(d), nothing in this provision operates to restrict a sentencing court's authority. The provision facilitates executions by victims, the division of victims services, and district attorneys, but it contains no language restricting the district court's authority to otherwise impose probation conditions to facilitate the payment of restitution.

[¶29] Our decision in *Mitchell* does not change this result. In *Mitchell*, we held that a district court exceeded its authority when it ordered the forfeiture of a defendant's truck in partial satisfaction of the court's public defender reimbursement order. *Mitchell*, 982 P.2d at 724-25. Our decision in that case turned on our interpretation of the public defender reimbursement statute and Wyoming's forfeiture statute, not on a court's authority to impose a probation condition. *Id.* Here, we are concerned with the district court's authority to impose a probation condition aimed at facilitating the payment of restitution, which is not an unusual type of probation condition.

> Where restitution is required as a condition of release, ancillary conditions can also be imposed to implement the restitution order. The exact nature of these other terms will vary according to the specific facts of each case and the applicable laws. In one case, for example, a convicted embezzler was ordered to make restitution and to not allow his home to be homesteaded under Arizona law. The latter condition was designed to facilitate the sale of the Probationer's home in order to make full restitution possible. Noting that under Ari-

zona law the homestead exemption can be waived, the court held that the condition requiring a waiver was valid since it furthered the legitimate goals of both rehabilitation and restitution. Another offender was given a probation condition that he sign a confession of judgment in favor of a defrauded insurer to pay the insurer's investigative costs.

1 Neil P. Cohen, *The Law of Probation and Parole*, § 11:4 (2d ed. 1999 June 2017 update) (footnotes omitted).

[¶30] By statute, a sentencing court in Wyoming "may impose, and at any time modify, any condition of probation or suspension of sentence." Wyo. Stat. Ann. § 7-13-304(a). The only restriction on the court's discretion to impose a probation condition is that the condition be "reasonably related to rehabilitation, to the criminal conduct for which the probationer was convicted, and to the deterrence of future criminal conduct." *Harada*, ¶ 21, 368 P.3d at 281. Neither the State nor Ms. Anderson contends the liquidation condition does not meet this requirement, and we therefore find no error in the district court's imposition of the condition.[5]

## CONCLUSION

[¶31] A district court has authority to impose restitution-related probation conditions in a restitution plan or separately from the restitution plan, and the district court did not abuse its discretion or exceed its authority in imposing such conditions in this case. Affirmed.

---

5. Ms. Anderson likewise has not asserted that there are other creditors with liens on the recre-

ational assets, and there is nothing in the record to suggest that was a concern.