617 S.E.2d 366

**Sam STEVENS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26013.**

Supreme Court of South Carolina.

Submitted June 2, 2005.

Decided July 25, 2005.

Rehearing Denied Aug. 25, 2005.

310

ActingActing Deputy Chief Attorney Wanda P. Hagler, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Molly R. Crum, all of Columbia, for Respondent.

Chief Justice TOAL:

Sam Stevens (Petitioner) was charged with eighteen counts of receiving stolen goods and one count of obtaining property by false pretenses. Petitioner pled guilty to all nineteen charges. He subsequently filed an application for post-conviction relief (PCR), contending that he unknowingly and involuntarily pled guilty to eighteen separate counts of receiving stolen goods. The PCR court denied relief. After granting certiorari, we reverse.

### FACTUAL/PROCEDURAL BACKGROUND

At the plea hearing, the State explained that Petitioner was part of a criminal enterprise, in which he would drive to

various out-of-state locations to pick up stolen motorized equipment, such as tractors, lawnmowers, and four-wheelers. He then delivered the equipment to a location in South Carolina where the equipment was stored. He was eventually arrested at the storage location in South Carolina.

After describing Petitioner's criminal activity, the State read each indictment into the record, identifying the company from which the equipment was stolen, the type of equipment, and its value. The State did not, however, present any evidence as to when, where, or how many times Petitioner actually received stolen equipment.

Petitioner was charged with eighteen counts of receiving stolen goods[1] and one count of obtaining property by false pretenses. Petitioner pled guilty to all charges against him. He was sentenced to ten-years imprisonment on one receiving charge; ten-years imprisonment, suspended to five-years imprisonment and five-years probation, on a second receiving charge, to be served consecutively; and five years each on all other charges, to be served concurrently. In addition, Petitioner was ordered to pay restitution. He did not file a direct appeal.

Petitioner filed an application for post-conviction relief (PCR), contending that he unknowingly and involuntarily pled guilty to eighteen separate counts of receiving stolen goods. After a hearing, the PCR judge denied relief.

This Court granted certiorari to review the following issue: Did the PCR court err in denying relief, finding that Petitioner knowingly and voluntarily pled guilty to all eighteen counts of receiving stolen goods?

## LAW/ANALYSIS

### Standard of Review

A defendant who pleads guilty on the advice of counsel may collaterally attack the voluntariness of his plea by showing that (1) counsel was ineffective and that (2) there is a reasonable probability that but for counsels errors, the defen-

---

1. Thirteen counts were for receiving stolen goods valued at more than $5000; four counts for receiving stolen goods valued between $1000 and $5000; and one count for receiving stolen goods valued at less than $1000.

dant would not have pled guilty. *Burnett v. State*, 352 S.C. 589, 592, 576 S.E.2d 144, 145 (2003). On review, a PCR judge's findings will be upheld if there is any evidence of probative value sufficient to support them. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). If no probative evidence exists to support the findings, this Court will reverse. *Pierce v. State*, 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000).

## Discussion

 Petitioner contends that the PCR court erred in finding that he knowingly and voluntarily pled guilty to all charges against him. We agree.

S.C.Code Ann. § 16–13–180 (1976) establishes the offense of receiving stolen goods and explains the various penalties associated with the crime.[2] In addition, the statute provides the following: "For the purposes of this section, the receipt of multiple items in a single transaction or event constitutes a single offense."

At the PCR hearing, Petitioner's plea counsel testified that he explained the offense of receiving stolen goods to Petitioner, but he did not research or consider whether Petitioner should have been indicted for eighteen separate counts. He admitted that he should have looked more closely at whether

---

**2.** The statute provides as follows:

It is unlawful for a person to buy, receive, or possess stolen goods, chattels, or other property if the person knows or has reason to believe the goods, chattels, or property is stolen. A person is guilty of this offense whether or not anyone is convicted of the theft of the property. A person who violates the provisions of this section is guilty of a:

(1) misdemeanor triable in magistrate's court if the value of the property is one thousand dollars or less. Upon conviction, the person must be fined or imprisoned not more than is permitted by law without presentment or indictment by the grand jury;

(2) felony and, upon conviction, must be fined not less than one thousand dollars or imprisoned not more than five years if the value of the property is more than one thousand dollars but less than five thousand dollars;

(3) felony and, upon conviction, must be fined not less than two thousand dollars or imprisoned not more than ten years if the value of the property is five thousand dollars or more.

*For the purposes of this section, the receipt of multiple items in a single transaction or event constitutes a single offense.*

(emphasis supplied).

several instances should have been treated as a single transaction or event.

We find that the plea attorney's failure to consider whether Petitioner was properly charged with eighteen separate counts of receiving stolen goods constituted ineffective assistance of counsel. The plain meaning of the statute should have alerted counsel to the possibility that the number of indictments did not correspond to the number of offenses. At the very least, counsel should have questioned the State's lack of evidence as to when and how the goods were actually received.

In addition, there is a reasonable probability that, had counsel informed Petitioner that he should not have been charged with eighteen counts of receiving stolen goods, Petitioner would not have pled guilty to each and every charge. Moreover, Petitioner may have received a lighter sentence had the judge known that Petitioner faced four or five counts instead of eighteen. Therefore, the PCR court's decision should be reversed and the case remanded for trial or a new plea proceeding.

## Conclusion

Because we find no evidence to support the PCR court's finding that Petitioner knowingly and voluntarily pled guilty to all charges, we reverse the PCR court's decision and remand Petitioner's case for a new plea hearing or trial.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.