BOOMGAARDEN, Justice.
[¶1] Appellant, Lisa L. Mellott, pled guilty to one felony count of Medicaid fraud related to improper record-keeping, ten felony counts of Medicaid fraud for making false or misleading statements in Medicaid claims when the value of the medical assistance is $500 or more, and two counts of felony forgery. Ms. Mellott appeals her judgment and sentence and the district court's denial of her W.R.A.P 21(a) motion to withdraw her pleas due to ineffective assistance of trial counsel. She argues the State unlawfully charged her with ten felony counts of submitting false statements for more than $500 of medical assistance based on the aggregated values of multiple reimbursement claims of less than $500 each. Ms. Mellott claims her trial counsel provided ineffective assistance because he did not challenge those charges and, instead, advised Ms. Mellott to accept a plea agreement under which she pled guilty to all charges. She also claims her trial counsel provided ineffective assistance by failing to fully investigate all of the charges against her. We conclude there was no factual basis for Ms. Mellott's guilty plea as to Counts 2 through 11 and her trial counsel provided ineffective assistance by advising her to accept the plea agreement. We therefore reverse and remand to the district court.
ISSUES
[¶2] Ms. Mellott presents the following issues:
1. Does the Wyoming Medicaid Fraud Statute-which denominates every *380 false claim violation as a "separate offense"-allow for aggregation of multiple monthly reimbursement claims of less than $500, in order to create a felony charge for a false claim in excess of $500, extending over years of time?
2. Was there a structural error in using an "aggregated" theory of loss to achieve felony charges, that lowers the burden to demonstrate ineffective assistance of counsel?
3. Did appellant's appointed attorney, without conducting an investigation, and with inadequate legal analysis, render ineffective assistance of counsel by advising guilty pleas to all the charges lodged below?
FACTS
[¶3] When the alleged crimes occurred, Ms. Mellott was a registered nurse and a Medicaid provider through a home healthcare business she owned and operated. Among other services, she served as a case manager for Medicaid Waiver clients and submitted claims for payment to the state Medicaid office for the services she provided.
[¶4] On December 18, 2015, the State charged Ms. Mellott with a total of fifteen felony counts related to her actions as a Medicaid provider. Through an amended information, the State later altered its factual allegations, but did not substantively change the number of counts or the applicable statutes. Count 1 alleged Ms. Mellott violated Wyo. Stat. Ann. § 42-4-111(e)(iii) (LexisNexis 2017) by knowingly failing to maintain adequate records of Medicaid claims of a value greater than $5,000. Counts 2 through 11 accused her of violating Wyo. Stat. Ann. § 42-4-111(a) and (b)(i) by knowingly making a false statement or misrepresentation or knowingly failing to disclose a material fact in providing medical assistance to ten clients identified in the information by their initials.[1] The time periods stated in those ten counts ranged between 25 and 66 months. The State alleged Ms. Mellott submitted claims for payment for services that she had not actually provided, specifically, required home visits. Finally, Counts 12 through 15 alleged Ms. Mellott forged two of her clients' signatures on client choice of service and client responsibility forms, in violation of Wyo. Stat. Ann. § 6-3-602(a)(ii) and (b) (LexisNexis 2017).
[¶5] Ms. Mellott was assigned a public defender (trial counsel), and on June 22, 2016, she changed her pleas to guilty on her trial counsel's advice and pursuant to an oral plea agreement. Under the agreement, Ms. Mellott would plead guilty to all charges, but could argue for any sentence she saw fit. In exchange, the State would recommend a sentence of 3 to 6 years of imprisonment for the inadequate record-keeping charge (Count 1) and concurrent sentences for the false statement and forgery charges (Counts 2 through 11 and Counts 12 through 15, respectively) of 3 to 6 years of imprisonment. The State would recommend suspending the concurrent sentences for Counts 2 through 15 in favor of 6 years of probation, which would run consecutive to the sentence for Count 1. The State also would request restitution in the amount of $107,632.18. Ms. Mellott pled guilty to Counts 1 through 11 and Counts 14 and 15, but she expressed concerns to her trial counsel that she could not truthfully plead guilty to Counts 12 and 13. The State agreed to dismiss those two counts and the district court accepted Ms. Mellott's guilty pleas.
[¶6] At the beginning of its September 27, 2016, sentencing hearing, the district court revisited the plea colloquy to ensure there was a factual basis to support Ms. Mellott's guilty plea as to Counts 5 through 7. The court then sentenced Ms. Mellott to 18 to 24 months of confinement for Count 1 and concurrent suspended sentences of 3 to 6 years of confinement for Counts 2 through 11, 14, and 15.
[¶7] Ms. Mellott timely appealed the judgment and sentence.[2] Ms. Mellott also moved *381 under W.R.A.P. 21(a) to withdraw her pleas based on the ineffective assistance of her trial counsel.[3] First, Ms. Mellott asserted her trial counsel was ineffective because he did not challenge the legality of the State's basis for Counts 2 through 11, the ten false statement charges under Wyo. Stat. Ann. § 42-4-111(a) and (b)(i). She claimed the State improperly aggregated the values of numerous Medicaid claims by client to reach the value of $500 necessary to charge Ms. Mellott with felony violations of Wyo. Stat. Ann. § 42-4-111(a). As a result, the district court arguably accepted her guilty plea as to felony Counts 2 through 11 without a sufficient factual basis under W.R.Cr.P. 11(f). Second, Ms. Mellott claimed her trial counsel was ineffective because he failed to adequately investigate the case before recommending that Ms. Mellott accept the plea agreement.
[¶8] At the evidentiary hearing on the W.R.A.P. 21 motion, the district court heard the parties' arguments and testimony from Ms. Mellott, her trial counsel, and several other witnesses. The district court also received exhibits, including a spreadsheet from the State listing information from a database on the Medicaid claims related to the charges against Ms. Mellott.
[¶9] In the district court's decision letter incorporated into its order denying Ms. Mellott's W.R.A.P. 21 motion, the court characterized the dispositive issue as: "Whether assistance provided by Appellant's trial counsel was ineffective so as to allow Appellant to withdraw her plea pursuant to W.R.A.P. 21." The district court considered and rejected Ms. Mellott's argument that Wyo. Stat. Ann. § 42-4-111 prohibited the aggregation of individual claims to support Counts 2 through 11; accordingly, the court determined trial counsel was not ineffective for failing to raise that argument. The district court also found trial counsel was not deficient in investigating the case. Having concluded that trial counsel's performance was not deficient, the district court did not evaluate whether Ms. Mellott was prejudiced by trial counsel's performance.
[¶10] Ms. Mellott timely appealed the district court's denial of her W.R.A.P. 21 motion. See W.R.A.P. 21(e). That appeal was consolidated with her appeal of the judgment and sentence. See id.
STANDARD OF REVIEW
[¶11] Though Ms. Mellott asserts jurisdictional and structural error arguments, she describes her consolidated appeal as "primarily" an appeal from the denial of her motion to withdraw her pleas due to ineffective assistance of counsel.[4] The district court's order denying Ms. Mellott's W.R.A.P. 21 motion involves mixed questions of law and fact. Griggs v. State , 2016 WY 16, ¶ 37, 367 P.3d 1108, 1124 (Wyo. 2016) (citing Osborne v. State , 2012 WY 123, ¶ 17, 285 P.3d 248, 252 (Wyo. 2012) ). "The district court's 'conclusions of law, which include the question of whether counsel's conduct was deficient and the question of whether the appellant was prejudiced by that deficient conduct,' are reviewed de novo ." Id. (citing *382 Strandlien v. State , 2007 WY 66, ¶ 20, 156 P.3d 986, 992 (Wyo. 2007) ). However, "[w]e defer to the district court's findings of fact unless they are clearly erroneous." Griggs , ¶ 37, 367 P.3d at 1124 (quoting Cooper v. State , 2014 WY 36, ¶ 20, 319 P.3d 914, 920 (Wyo. 2014) ). We review the district court's interpretation of statutes de novo. Berger v. State , 2017 WY 90, ¶ 7, 399 P.3d 621, 623 (Wyo. 2017) (citing Rambo v. Rambo , 2017 WY 32, ¶ 6, 391 P.3d 1108, 1110 (Wyo. 2017) ).
DISCUSSION
[¶12] Ms. Mellott moved to withdraw her guilty pleas under W.R.A.P. 21(a),[5] which provides in relevant part:
Following the docketing of a direct criminal appeal, the appellant may file, in the trial court, a motion claiming ineffective assistance of trial counsel. The motion may be used ... to seek plea withdrawal. ... The motion shall contain nonspeculative allegations of facts which, if true, could support a determination that counsel's representation was deficient and prejudiced the appellant. ...
[¶13] We glean the following from Ms. Mellott's brief on appeal: First, Ms. Mellott argues the ten felony charges of making false statements or misrepresentations when providing medical assistance under the Medicaid program (Counts 2 through 11) violated Wyo. Stat. Ann. § 42-4-111(d). She alleges the State did not comply with that statutory provision because the State aggregated the values of numerous Medicaid claims by client to reach the threshold value of $500 necessary to charge Ms. Mellott with ten felony violations of Wyo. Stat. Ann. § 42-4-111(a). She next argues the State's statutory violation constituted jurisdictional and structural error in the proceedings and that her guilty plea as to Counts 2 through 11 was invalid because, without aggregating multiple Medicaid claims, the evidence in the record did not support her felony convictions under Counts 2 through 11. She further argues her trial counsel provided ineffective assistance by recommending that she plead guilty to all charges instead of challenging the legality of, or factual basis for, Counts 2 through 11.[6] Because Ms. Mellott's claims all arise from her interpretation of Wyo. Stat. Ann. § 42-4-111(a), (b), and (d), we begin by construing those statutory provisions.
I. Statutory Construction - Legislative Intent to Criminalize Individual Claims for Payment
[¶14] In Counts 2 through 11, the State charged Ms. Mellott with violating Wyo. Stat. Ann. § 42-4-111(a), which provides: "No person shall knowingly make a false statement or misrepresentation or knowingly fail to disclose a material fact in providing medical assistance under this chapter." The State alleged Ms. Mellott committed a total of ten violations, each one reaching the threshold for felony punishment under Wyo. Stat. Ann. § 42-4-111(b), which states:
A person violating subsection (a) of this section is guilty of:
*383 (i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of medical assistance is five hundred dollars ($500.00) or more; or
(ii) A misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both, if the value of medical assistance is less than five hundred dollars ($500.00).
[¶15] Ms. Mellott argues the State improperly reached the $500 felony threshold in each count by "aggregating" the payment values she requested in numerous, separately-filed Medicaid claims submitted for each client over a course of years. Each count specified a different client regarding whom Ms. Mellott allegedly filed unlawful claims and the applicable period-ranging from 25 to 66 months-during which Ms. Mellott allegedly submitted the unlawful claims. She argues the State could not base each charge-or her conviction for each charge-on the sum value of all alleged unlawful claims for a client because the State must charge each such claim separately to comply with Wyo. Stat. Ann. § 42-4-111(d), which plainly states: "Each violation of subsection (a) of this section is a separate offense." Under Ms. Mellott's interpretation, each Medicaid claim allegedly breaching Wyo. Stat. Ann. § 42-4-111(a) is a separate "violation" of that provision, and Wyo. Stat. Ann. § 42-4-111(d) explicitly requires the State to charge "each violation" as "a separate offense." She argues the claims at issue were "essentially monthly" in nature and were for less than $500 of medical assistance. Based on this position, Ms. Mellott concludes the State could only charge her with misdemeanors under Wyo. Stat. Ann. § 42-4-111(b)(ii) and she could not be convicted of felonies under Wyo. Stat. Ann. § 42-4-111(b)(i).
[¶16] The State contends it properly charged Ms. Mellott because the State has discretion to charge violations of Wyo. Stat. Ann. § 42-4-111(a) as either single offenses or a continuous offense. In denying the W.R.A.P. 21 motion, the district court agreed with the State's interpretation and concluded the legislature intended to criminalize fraudulent claims for medical assistance as they relate to individual clients and not to monthly claims.
[¶17] Essentially, the parties dispute the "unit of prosecution" in Wyo. Stat. Ann. § 42-4-111(a), (b), and (d). See Tucker v. State , 2010 WY 162, ¶ 42, 245 P.3d 301, 312 (Wyo. 2010) (citing United States v. Weathers , 186 F.3d 948, 952 (D.C. Cir. 1999), cert. denied , 529 U.S. 1005, 120 S.Ct. 1272, 146 L.Ed.2d 221 (2000) ) (in analyzing a double jeopardy claim, "[w]here two violations of the same statute rather than two violations of different statutes are charged, courts determine whether a single offense is involved ... by asking what act the legislature intended as the 'unit of prosecution' under the statute."). Ms. Mellott argues the legislature intended that the State must charge each allegedly unlawful Medicaid claim independently from other claims. The State, in contrast, argues the legislature allowed the State discretion to bring charges based on the client associated with a series of alleged violations.
[¶18] Our primary consideration in interpreting statutes is determining legislative intent, and we first look to the plain and ordinary meaning of the words to determine if the statute is ambiguous. Riddle v. State , 2017 WY 153, ¶ 10, 407 P.3d 392, 394 (Wyo. 2017) (citations omitted). "We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia ." Anderson v. State , 2018 WY 6, ¶ 12, 408 P.3d 1148, 1151 (Wyo. 2018) (citation omitted). "When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction." Id. (citation omitted).
[¶19] Reading the relevant provisions of Wyo. Stat. Ann. § 42-4-111in pari materia , we conclude the statute unambiguously establishes the unit of prosecution for false statement charges. Under Wyo. Stat. Ann. § 42-4-111(d), "Each violation of subsection (a) of this section is a separate offense." (Emphasis added.) Therefore, the Wyoming Legislature expressly intended a "violation"
*384 to be the unit of prosecution under Wyo. Stat. Ann. § 42-4-111(a). A person violates Wyo. Stat. Ann. § 42-4-111(a) by "knowingly mak[ing] a false statement or misrepresentation or knowingly fail[ing] to disclose a material fact in providing medical assistance under this chapter." (Emphasis added.) Wyo. Stat. Ann. § 42-4-102(a)(ii) (LexisNexis 2017) states, in relevant part:
"Medical assistance" means partial or full payment of the reasonable charges assessed by any authorized provider of the services and supplies enumerated under W.S. 42-4-103 and consistent with limitations and reimbursement methodologies established by the department, which are provided on behalf of a qualified recipient ....
In Adekale v. State , 2015 WY 30, ¶¶ 18-21, 344 P.3d 761, 766-67 (Wyo. 2015), we interpreted the statutory definition of "medical assistance" as it applies to violations of Wyo. Stat. Ann. § 42-4-111(a). We stated, "it is clear that the legislature intended to provide that '[n]o person [providing services] shall knowingly make a false statement or misrepresentation or knowingly fail to disclose a material fact in applying for medical assistance (payment) under this chapter.' " Id. ¶ 21, 344 P.3d at 767 (emphasis added).
[¶20] Providers apply for medical assistance by submitting a claim for payment. Wyo. Dep't of Health, Medicaid Rules and Regulations ch. 3, § 11 (filed Dec. 15, 1998). A claim may be submitted for any given client for full or partial payment of reasonable charges assessed by the provider. See Wyo. Stat. Ann. § 42-4-102(a)(ii). As the State acknowledges,
The Wyoming Medicaid program allows providers to submit claims on a schedule that makes sense for the individual provider's business. Providers may bill for services up to one year after they provide those services and may combine multiple services in one claim for payment. [Wyo. Dep't of Health, Medicaid Rules and Regulations ch. 3, § 11 (filed Dec. 15, 1998) ] Thus, a case manager can bill for multiple months in a single claim.
Therefore, any claim for payment may vary in the number of services provided, the period of time when services were provided, and the dollar amount of the requested payment.
[¶21] We reject the State's assertion that Wyo. Stat. Ann. § 42-4-111 targets both singular and continuous crimes and, therefore, permits prosecution for an ongoing fraudulent common scheme to violate Wyo. Stat. Ann. § 42-4-111(a). According to the State, because a provider can choose to aggregate multiple months' services into a single claim for payment, the State should have discretion to aggregate multiple claims into a single charged violation. The plain language of Wyo. Stat. Ann. § 42-4-111(a) and (d), together, with the statutory definition of "medical assistance" as applied to providers in Adekale , clearly demonstrates the legislature's intent to criminalize individual acts that violate Wyo. Stat. Ann. § 42-4-111(a) as separate chargeable offenses. When a provider falsely states something, misrepresents something, or knowingly fails to disclose a material fact in any given Medicaid claim submitted for payment, the provider violates Wyo. Stat. Ann. § 42-4-111(a). See Adekale , ¶ 21, 344 P.3d at 767. Whether any given violation vis-à-vis an individual claim for payment constitutes a felony or a misdemeanor offense expressly depends on the dollar value of that particular claim for payment. Wyo. Stat. Ann. § 42-4-111(a)-(b). A criminal information may not defeat the intended statutory purpose of punishing individual false Medicaid claims based on the amount of the claim by grouping together multiple submitted claims into one count. See Wyo. Stat. Ann. § 42-4-111(b), (d). Felony charges may seem more compelling if the alleged value in each charge significantly exceeds the $500 threshold, however, the statute simply does not allow a prosecutor to define which, or how many, violations constitute a single chargeable "offense".[7]
*385 II. No Jurisdictional or Structural Error
[¶22] The record establishes that the State brought Counts 2 through 11 based on aggregating multiple allegedly unlawful Medicaid claims related to ten specified clients, rather than individual claims for payment. We agree with Ms. Mellott that this approach did not comply with Wyo. Stat. Ann. § 42-4-111(d). However, we disagree with her assertion that the failure of Counts 2 through 11 to conform with Wyo. Stat. Ann. § 42-4-111(d) constitutes a jurisdictional or structural error in the proceedings.
[¶23] "In a criminal case, jurisdiction is determined by and limited to the allegations on the face of the charging document." Barela v. State , 2017 WY 66, ¶ 6, 395 P.3d 665, 668 (Wyo. 2017) (citation omitted). Here, Counts 2 through 11 in both the information and the amended information set forth the elements of Wyo. Stat. Ann. § 42-4-111(a) and (b)(i) and explicitly charge Ms. Mellott with committing ten felony violations of that statute. The face of the charging documents, therefore, established district court jurisdiction over Ms. Mellott's case. See Barela , ¶ 6, 395 P.3d at 668 ; Jones v. State , 2011 WY 114, ¶ 9, 256 P.3d 527, 531 (Wyo. 2011).
[¶24] As to Ms. Mellott's structural error argument, we begin from the premise that "[s]tructural errors are defects affecting the framework within which the trial proceeds, rather than simply errors in the trial process itself." Granzer v. State , 2008 WY 118, ¶ 16, 193 P.3d 266, 271 (Wyo. 2008) (citing Neder v. United States , 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) ) (emphasis added). Accordingly, we have recognized structural errors such as a complete deprivation of the right to trial counsel or the lack of an impartial judge. See Large v. State , 2008 WY 22, ¶ 24, 177 P.3d 807, 814 (Wyo. 2008) (citing Gideon v. Wainwright , 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ; Tumey v. Ohio , 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) ). Ms. Mellott pled guilty to all charges without proceeding to trial. On appeal, she fails to cite any authority or otherwise demonstrate that the statutory problems with Counts 2 through 11 as charged in the amended information, or her trial counsel's assistance regarding her guilty plea as to those charges, constitute structural error. Consequently, her structural error claim warrants no further consideration. Whitham v. Feller , 2018 WY 43, ¶ 25, 415 P.3d 1264, 1270 (Wyo. 2018) (citation omitted) (refusing to consider a claim unsupported by cogent argument and pertinent legal authority).
III. Ineffective Assistance of Counsel
[¶25] At the heart of Ms. Mellott's ineffective assistance of counsel claim, she argues that there was no factual basis for her guilty plea as to Counts 2 through 11. According to Ms. Mellott, the evidence did not support charging her with, or convicting her of, felony violations under Wyo. Stat. Ann. § 42-4-111(a) because the individual Medicaid claims did not meet the $500 threshold under Wyo. Stat. Ann. § 42-4-111(b)(i). Ms. Mellott claims her trial counsel provided ineffective assistance by recommending that she accept a plea agreement without challenging the factual basis for Counts 2 through 11.[8] In order to prevail on her ineffective assistance claim, Ms. Mellott must prove her counsel's performance was deficient and that she was prejudiced by his performance. Strickland v. Washington , 466 U.S. 668, 690-91, 104 S.Ct. 2052, 2066-67, 80 L.Ed.2d 674 (1984) ; Griggs , ¶ 36, 367 P.3d at 1124.
A. Deficiency of Performance
[¶26] "To establish counsel's performance was deficient, the defendant must show that 'counsel failed to render such assistance as would have been offered by a reasonably competent attorney.' "
*386 Griggs , ¶ 36, 367 P.3d at 1124 (citation omitted). "Counsel must have failed, in light of all circumstances existing at the time of the challenged act or omission, to employ such judgment or to render such assistance as would have been offered by a reasonably competent attorney under like circumstances." Id. (citation omitted). "We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment." Sincock v. State , 2003 WY 115, ¶ 35, 76 P.3d 323, 336 (Wyo. 2003) (citation omitted). The defendant has the burden "to overcome this presumption that, in light of the circumstances, the challenged action or failure of the attorney might be considered sound trial strategy." Id.
[¶27] As noted above, we have not previously applied this standard to a situation where the alleged deficient performance involved trial counsel misconstruing the plain meaning of the applicable criminal statute and, based on that misinterpretation, recommending that his client plead guilty to charges that lacked a factual basis. Under these novel circumstances we begin by reviewing why a district court must reject a guilty plea that lacks a factual basis, even if the plea is knowingly and voluntarily made. Nguyen , ¶ 18, 299 P.3d at 688 ; W.R.Cr.P. 11(f). One purpose for that rule is "to prevent the individual charged with a crime from being misled into a waiver of substantial rights." Nguyen , ¶ 11, 299 P.3d at 686 (quoting Maes v. State , 2005 WY 70, ¶ 21, 114 P.3d 708, 714 (Wyo. 2005) ). In other words, the factual basis inquiry "should protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." Van Haele v. State , 2004 WY 59, ¶ 13, 90 P.3d 708, 712 (Wyo. 2004) (quoting Wayne R. LaFave & Jerold H. Israel, Criminal Procedure 938 (2d ed. 1992) ). Given this important prophylactic purpose, we agree with courts who, under similar circumstances, have held that a reasonably competent attorney would not advise his client to plead guilty to charges that lacked a factual basis under the correct interpretation of a statute. See State v. Doggett , 687 N.W.2d 97, 102 (Iowa 2004) (holding that defense counsel performed deficiently by advising defendant to plead guilty to a charge when the plain meaning of the applicable statute did not criminalize defendant's conduct); 5 Wayne R. LaFave, Criminal Procedure § 21.3(b) (4th ed., Dec. 2017 Update) (citing Doggett ) ("[I]t constitutes ineffective assistance for the defense attorney to allow his client to plead guilty when 'the plain language of the statute' defining the charged offense shows defendant 'could not have been convicted of the crime' otherwise."); see also State v. Brooks , 555 N.W.2d 446, 448 (Iowa 1996) (citations omitted) (stating defense counsel fails "to perform an essential duty" if counsel allows the defendant to plead guilty to a charge for which no factual basis exists); Commonwealth of Pennsylvania v. Jackson , 336 Pa.Super. 609, 486 A.2d 431, 439-40 (1984) (holding trial counsel's failure to pursue the denial of a demurrer was ineffective assistance of counsel because defendant's firearm was not a "weapon serving no lawful purpose" under statutory definition and, thus, evidence was insufficient to support defendant's conviction of possessing a prohibited offensive weapon); Stevens v. State , 365 S.C. 309, 617 S.E.2d 366, 368 (2005) (finding ineffective assistance of counsel when "plain meaning of the statute should have alerted counsel to the possibility that the number of indictments did not correspond to the number of offenses"). Under no circumstance could defense counsel employ a sound strategy to advise his client to plead guilty to crimes the client did not commit.
[¶28] Accordingly, we must determine whether there was a factual basis to support trial counsel's recommendation that Ms. Mellott plead guilty to Counts 2 through 11. We test for a sufficient factual basis under W.R.Cr.P. 11(f) by comparing the elements of the charged offense to the facts admitted by the defendant and inferences arising from those facts. Nguyen , ¶ 13, 299 P.3d at 687 (citing United States v. Garcia-Paulin , 627 F.3d 127, 131 (5th Cir. 2010) ; Hirsch v. State , 2006 WY 66, ¶¶ 10-13, 135 P.3d 586, 590-92 (Wyo. 2006) ). "[T]he factual basis for accepting a plea may be inferred from circumstances surrounding the crime *387 and need not be established only from the defendant's statements." Id. ¶ 11, 299 P.3d at 686 (quoting Maes , ¶ 21, 114 P.3d at 714 ). " W.R.Cr.P. 11 does not require proof beyond a reasonable doubt that a defendant who pleads guilty is actually guilty nor does it require complete descriptions of the elements." Id. However, W.R.Cr.P. 11(f) does require evidence to satisfy all elements of the charged crime. See id. ¶¶ 14-17, 299 P.3d at 687-88 ; Williams , ¶¶ 23-25, 354 P.3d at 962-63. To determine whether the factual basis was sufficient to accept a guilty plea, we "may consider only the information in the record at the time the plea was accepted." Nguyen , ¶ 19, 299 P.3d at 689 (citation omitted); see also Williams , ¶¶ 22-26, 354 P.3d at 962-63.
[¶29] A violation of Wyo. Stat. Ann. § 42-4-111(a) is a felony only if the value of the medical assistance (i.e., the application for payment, see Adekale , ¶¶ 18-21, 344 P.3d at 766-67 ) is $500 or more. Wyo. Stat. Ann. § 42-4-111(b)(i). Ms. Mellott challenges the factual basis for her guilty plea as to felony Counts 2 through 11 by arguing the information in the record did not show that the value of any individual alleged statutory violation met the felony threshold. Our review of the record when the district court accepted Ms. Mellott's guilty plea compels us to agree. Because the district court, Ms. Mellott's trial counsel, and the State proceeded under the shared misunderstanding that Ms. Mellott could be convicted of a felony based on the client-aggregated values of multiple Medicaid claims, no one presented or requested evidence of the value of individual, allegedly-unlawful Medicaid claims. At her change of plea hearing, Ms. Mellott's trial counsel conducted the plea colloquy by asking leading questions that simply quoted the charges. At the sentencing hearing, the district court similarly relied on the language of the charges when it revisited the colloquy to cover some portions of the charges defense counsel had inadvertently failed to mention. As a result, Ms. Mellott admitted only that, for each of Counts 2 through 11, the total aggregated value of medical assistance for each client was $500 or greater. Trial counsel therefore recommended that Ms. Mellott plead guilty to charges with no factual basis to support them under the plain meaning of the statutes. As such, Ms. Mellott has established that her trial counsel performed deficiently. See Doggett , 687 N.W.2d at 102.
B. Prejudice
[¶30] We now consider whether Ms. Mellott has demonstrated she was prejudiced by her trial counsel's deficient performance. Strickland , 466 U.S. at 692, 104 S.Ct. at 2067 ; Griggs , ¶ 36, 367 P.3d at 1124 (citations omitted). Typically, "when a guilty plea is challenged based upon ineffective assistance of counsel, the defendant, to establish prejudice, must show that there is a reasonable probability that, but for counsel's errors, a plea of guilty would not have been entered and the defendant would have insisted on going to trial." Palmer v. State , 2008 WY 7, ¶ 18, 174 P.3d 1298, 1302 (Wyo. 2008) (citation omitted). This is not a typical case because Ms. Mellott did not understand that when she changed her plea there was no factual basis on the record for those charges and, therefore, the district court could not accept her plea. Under these circumstances, Ms. Mellott could not have insisted on going to trial and the Palmer standard should not apply.
[¶31] Certain deficiencies in trial counsel's performance "can so prejudice the right of a defendant to a fair trial that [they] will serve to support a conclusion that reasonably effective assistance was not afforded." King v. State , 810 P.2d 119, 122 (Wyo. 1991) (quoting Gist v. State , 737 P.2d 336, 343 (Wyo. 1987) ). "Once an appellant demonstrates such deficient performance, there is no need to demonstrate prejudice[;]" prejudice is presumed. Id. at 122 ; see also United States v. Cronic , 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984) (citations omitted) (recognizing there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."); Strickland , 466 U.S. at 692, 104 S.Ct. at 2067 (citing Cronic , 466 U.S. at 658, 104 S.Ct. at 2046 ). Our cases recognize a few, rare deficiencies that warrant presumed prejudice. See, e.g. , King , 810 P.2d at 122 (presuming prejudice due to King's attorney's unjustified *388 failure to investigate by interviewing or securing trial testimony of two potential eyewitnesses). Here, we acknowledge that trial counsel's deficient performance may have affected Ms. Mellott's substantial rights by allowing her to plead guilty to charges that lacked a factual basis for conviction; however, we will not presume prejudice.
[¶32] Instead, in this unusual circumstance where the underpinning of Ms. Mellott's ineffective assistance of counsel claim is the misinterpretation of the applicable statute and the resulting lack of a factual basis for her guilty plea as to Counts 2 through 11, our prejudice analysis is best guided by precedent applying a plain error standard of review to evaluate whether an alleged violation of W.R.Cr.P. 11(f) resulted in material prejudice. If we were to presume prejudice in this case, we would establish disparate standards (presumed prejudice v. material prejudice on the record) for what amounts to the same grievance-accepting a guilty plea from a defendant who may understand the nature of the charge but does not realize her conduct does not meet the definition of the crime charged. See Van Haele , ¶ 13, 90 P.3d at 712.
[¶33] In Nguyen , we reviewed the defendant's W.R.Cr.P. 11(f) claim for plain error and, applying federal case law,[9] identified the proper test for analyzing the material prejudice prong of that standard. Nguyen , ¶ 18, 299 P.3d at 688-89. Of particular importance, we followed the Tenth Circuit Court of Appeals in rejecting a heightened prejudice requirement like that applied for Rule 11 violations in United States v. Dominguez Benitez , 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) ("a defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11 must show a reasonable probability that, but for the error, he would not have entered the plea"). Nguyen , ¶ 18, 299 P.3d at 688 (citing United States v. Landeros-Lopez , 615 F.3d 1260, 1264 n.3 (10th Cir. 2010) ).[10] We instead reviewed the entire record (not just the record as it existed when the district court accepted his plea) to determine whether the error in accepting Mr. Nguyen's guilty plea affected his substantial rights. Nguyen , ¶ 18, 299 P.3d at 688. The record in Nguyen yielded no factual basis for a particular element necessary for Mr. Nguyen's guilty plea, thus leading us to conclude that he "suffered material prejudice when the district court entered judgment based on his plea of guilty to a crime he did not commit." Id. ¶ 20, 299 P.3d at 689 (citing United States v. Angeles-Mascote , 206 F.3d 529, 531-32 (5th Cir. 2000) as "finding material prejudice in the acceptance of a guilty plea when the factual basis did not meet the definition of the charged offense even though it would have satisfied the elements of an uncharged offense").
[¶34] Whether the district court accepts a guilty plea without a sufficient factual basis, or defense counsel advises his client to enter such a guilty plea, the defendant faces the same potential prejudice: conviction and punishment for a crime she did not commit. For that reason, we conclude the prejudice analysis in this case should function the same as the material prejudice analysis we applied in Nguyen . It should analyze the root of the problem with trial counsel's deficient performance-whether the record, viewed in its entirety, contains a factual basis to support Ms. Mellott's guilty plea as to felony Counts 2 through 11 under the correct interpretation *389 of Wyo. Stat. Ann. § 42-4-111(a), (b), and (d).[11]
[¶35] Having reviewed the entire record in this case, including the record from Ms. Mellott's sentencing and the W.R.A.P. 21 proceedings, we found no evidence to satisfy the felony threshold element in Wyo. Stat. Ann. § 42-4-111(b)(i). There is no evidence that the value of any individual claim Ms. Mellott submitted for payment was $500 or more. The client-aggregated totals the State provided in a document to support its restitution request at the sentencing hearing did not contain this information. Neither did the evidence the district court received in the W.R.A.P. 21 proceedings, which included testimony from a Department of Health employee regarding a spreadsheet (State's Exhibit D) she had compiled listing every Medicaid claim the State alleged was either a false statement in violation of Wyo. Stat. Ann. § 42-4-111(a) (Counts 2 through 11) or a claim for which Ms. Mellott allegedly failed to maintain adequate records in violation of Wyo. Stat. Ann. § 42-4-111(e) (Count 1). The spreadsheet lists each claim's value, with some claims exceeding $500. However, it does not clearly identify the claims where a home visit did not occur (the alleged false statements). The spreadsheet includes two columns that purport to show this information, but the columns conflict. Where one column might indicate a home visit did not occur, the other column might not. The State's witness confused the matter by testifying that each column correctly showed which claims were false statements-an impossible conclusion given the contradictions within the document. The witness also testified that the spreadsheet showed eleven felony-level and 278 misdemeanor-level claims.
[¶36] The State argues that if it had not aggregated claims to support Counts 2 through 11, the spreadsheet and witness's testimony show the State could have charged Ms. Mellott with eleven felony and 278 misdemeanor false statement charges. Because the district court did not address the exhibit or the witness's testimony in its factual findings, we are left to review that evidence on its face. The clear contradictions in State's Exhibit D preclude any reasonable inference that Ms. Mellott submitted eleven false claims of $500 or more. Nor does State's Exhibit D show there was a false statement of $500 or more for each of the ten clients identified in Counts 2 through 11. We therefore conclude that Ms. Mellott's guilty plea to felony violations of Wyo. Stat. Ann. § 42-4-111(a) lacked a factual basis. Applying the material prejudice analysis we used in Nguyen , we conclude Ms. Mellott was materially prejudiced by her trial counsel's deficient performance because the district court could not have entered judgment based on Ms. Mellott's guilty plea as to Counts 2 through 11. Those pleas are not supported by a factual basis on the record, thus rendering the plea agreement unenforceable. See Nguyen , ¶ 21, 299 P.3d at 689. We therefore reverse and remand for further proceedings consistent with this opinion.
CONCLUSION
[¶37] "Medical assistance," as it applies to violating Wyo. Stat. Ann. § 42-4-111(a), means an individual claim for payment to a provider. Wyo. Stat. Ann. § 42-4-111(d) requires the State to charge individual violations of Wyo. Stat. Ann. § 42-4-111(a) as separate offenses, and Wyo. Stat. Ann. § 42-4-111(b)(i) requires the value of the medical assistance related to an individual violation to be $500 or more to qualify as a felony. On her trial counsel's advice, Ms. Mellott pled guilty to ten felony counts under Wyo. Stat. Ann. § 42-4-111(a) without a factual basis to satisfy the felony threshold. Ms. Mellott's trial counsel's performance was therefore deficient. Because the record, including the sentencing hearing and the W.R.A.P. proceedings, does not show a factual basis for her guilty plea as to Counts 2 through 11, Ms. *390 Mellott was prejudiced by her trial counsel's deficient performance.
[¶38] REVERSED and REMANDED.
KAUTZ, J., dissenting, in which FOX, J., joins.
[¶39] I respectfully dissent. Although I agree with the majority's decision that separate monthly claims cannot be aggregated under Wyo. Stat. Ann. § 42-4-111 (LexisNexis 2017), I do not find that Ms. Mellott met the requirement of proving prejudice as required for relief due to ineffective assistance of counsel.
STANDARD OF REVIEW
[¶40] We must be cautious when reviewing claims of ineffective counsel.
"Judicial scrutiny of counsel's performance must be highly deferential." Strickland , 466 U.S. at 689, 104 S.Ct. 2052. And "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. So "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Knowles [v. Mirzayance ], 556 U.S. [111] at 124, 129 S.Ct. 1411 [ 173 L.Ed.2d 251 (2009) ], quoting Strickland , 466 U.S. at 689, 104 S.Ct. 2052.
United States v. Bertram , 209 F.Supp.3d 243, 254 (D.D.C. 2016).
[¶41] Ms. Mellott pled guilty, learned what her sentences were, and then asked the trial court to permit her to withdraw her pleas under W.R.A.P. 21 for ineffective assistance of counsel. We have, appropriately, established a very high standard that Ms. Mellott must meet to be permitted to withdraw her pleas for ineffective assistance of counsel. It requires Ms. Mellott to show both that (1) counsel's performance was deficient when viewed objectively, from the point of view of counsel at the time, and not in hindsight; and (2) counsel's actions resulted in prejudice-that a different result would have occurred. This case is marked by a glaring failure to prove such prejudice.
Prejudice
[¶42] The burden of showing prejudice as a result of ineffective assistance of counsel always remains on the defendant. See, e.g. , Strickland v. Washington , 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) :
[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice . The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice . Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.
(Emphasis added).
[¶43] The prejudice sufficient to warrant the withdrawal of a guilty plea is that, but for the deficient performance (in this case the failure to challenge the aggregation of the fraudulent Medicaid claims), the defendant would not have pleaded guilty and would have insisted on going to trial.See, e.g. , Hill v. Lockhart , 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) ; see also Lower v. State , 786 P.2d 346, 349 (Wyo. 1990) ("He must suggest to the reviewing court a plausible reason why, had his representation been as he claims it should have been, he would have chosen to forsake the benefits of his plea agreement for the risks of trial.") (citing Hill , 474 U.S. at 59-60, 106 S.Ct. 366 ).
[¶44] An appellant who seeks withdrawal of his guilty plea based on ineffective assistance of counsel must allege and prove that *391 he would have gone to trial but for the error of counsel. Post-hoc allegations from a defendant that he would have insisted on going to trial had it not been for counsel's deficient performance are insufficient. See, e.g. , Lee v. United States , --- U.S. ----, 137 S.Ct. 1958, 1967, 198 L.Ed.2d 476 (2017). An appellant such as Ms. Mellott, who fails to allege on appeal that she would have insisted on going to trial has simply failed to allege prejudice. See Hill , 474 U.S. at 60, 106 S.Ct. at 371 ("Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial."); see also, Lee , --- U.S. ----, 137 S.Ct. at 1967 ("Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences [that they would have gone to trial]."); Chaidez v. United States , 568 U.S. 342, 349, 133 S.Ct. 1103, 1108, 185 L.Ed.2d 149 (2013) ("We then determined [in Hill ], however, that Hill had failed to allege prejudice from the lawyer's error and so could not prevail under that standard."); Premo v. Moore , 562 U.S. 115, 133, 131 S.Ct. 733, 746, 178 L.Ed.2d 649 (2011) (Ginsburg, J., concurring in the judgment) ("As Moore's counsel confirmed at oral argument ... Moore never declared that, better informed, he would have resisted the plea bargain and opted for trial."); Ashe v. United States , 2015 WL 5430847, *6 (W.D. N.C. 2015) ("[H]is failure to allege that but for his counsel's errors he would have gone to trial is fatal to his ineffective assistance of counsel claim.").
[¶45] In this case, there is no evidence that Ms. Mellott would have insisted on going to trial if her defense counsel had raised the aggregation issue. In fact, all of the evidence is to the contrary. Starting with Ms. Mellott's affidavit attached to her motion to withdraw her guilty pleas, nowhere does she assert she would have insisted on going to trial if the aggregation issue had been raised. The closest she comes is in paragraph 64, where she asserts, "If I had known that individual monthly claims for less than $500.00 could have been characterized as misdemeanors, I would never have pleaded guilty to making any false claim that spanned over years, as to each case management client." This statement is not an assertion that she would have insisted on going trial. Rather, she simply states that she would not have pleaded guilty to counts with aggregated claims to reach the felony threshold. It also does not mention Counts 1, 14, and 15, which are felonies and are not affected by the aggregation issue.
[¶46] Ms. Mellott's testimony at the Rule 21 hearing makes the lack of prejudice even more obvious. On seven occasions, she testified that she never wanted to go to trial and that she "wanted it to be done." For example:
I repeatedly told anyone that would question me or listen to me that I didn't want to go to trial. ... I didn't want to waste the State's money prosecuting me. ... I didn't want my family to have to go through any of it, I didn't want these clients to have to go through any of it.
And, as another example:
I was tired. I was done fighting. Enough resources had been spent. I needed to move on. It needed to be over for my family, it needed to be over for my community, it needed to be done.
When the State asked her if she would have insisted on going to trial if she had faced more charges, the necessary alternative if aggregation had not occurred, she replied: "I have no idea" and "I don't know." (Emphasis added).
[¶47] The trial court found and relied on these facts in its decision. The district court stated: "Appellant told (Defense counsel), on several occasions, she wanted to avoid a trial." That was a reasonable position for Ms. Mellott to take, because, as the district court found, "(Defense counsel) ... pointedly asked her if she provided the services for which she billed and which were at issue. Appellant ultimately answered no she did not."
[¶48] Ms. Mellott never alleged she would have gone to trial if her attorney had raised the aggregation issue. This alone is conclusive-it establishes that she failed to carry her burden under Hill . See, e.g. , Boucher v. State , 2011 WY 2, ¶ 39, 245 P.3d 342, 361 (Wyo. 2011) ("[T]he appellant points us to no specific prejudice that the appellant suffered *392 as a result of his trial counsel's decisions. As a result, we cannot say that counsel rendered ineffective assistance to the point that we cannot trust that a just outcome resulted.").
[¶49] The majority opinion relieves Ms. Mellott of her burden of proving prejudice because it claims she did not understand "that when she changed her plea there was no factual basis." Consequently, the majority concludes, she "could not have insisted on going to trial." This is an incorrect application of our precedent on ineffective assistance of counsel.
[¶50] The Hill standard, requiring Ms. Mellott to prove that she would have insisted on going to trial, does not require that she know of counsel's deficient performance when she pleads guilty. It is unlikely that any defendant who pleads guilty and later wishes to withdraw that plea based on ineffective assistance of counsel would have known of and evaluated counsel's deficient performance before pleading guilty. Instead, this standard requires Ms. Mellott to prove what would have happened if counsel had not made the alleged error. Here, if counsel had not been mistaken about the meaning of the statute, we have no idea what would have ensued because Ms. Mellott failed to offer any evidence on the issue.
[¶51] The majority opinion concludes Ms. Mellott's prejudice is that she faces "conviction and punishment for a crime she did not commit." If that is the prejudice involved, Ms. Mellott had the obligation to prove those things, and she did not. She did not point to any defense she would have raised and did not even show that she would have faced fewer felonies had the State not aggregated the amounts. She never showed that she did not commit the crimes to which she pled guilty. At the hearing on Ms. Mellott's motion to withdraw her guilty pleas, the State's investigator walked through the false claims and testified that, had each fraudulent claim been prosecuted individually, there were still eleven claims that were over $500-sufficient to prosecute as felonies. The remaining claims, if they were prosecuted individually, would have been sufficient for 278 misdemeanors. This testimony came before Ms. Mellott testified, and she did not dispute it. On cross examination of this witness, Ms. Mellott's attorney acknowledged that there were at least eleven, and potentially fourteen, felony claims. Ms. Mellott's attorney asked the State's investigator:
Q: .... So you would agree that if Claims 2 through 11 had not been aggregated, that there would be 14 potential felony claims?
A: ... I believe there's 11 lines[.]
Q: Okay. I have more than 11, but it speaks for itself. There are a handful of claims as submitted by Ms. Mellott that there were more than $500?
A: Yes.
[¶52] Ms. Mellott's situation is like Miller v. State , 2018 WY 102, 424 P.3d 1284 (Wyo. 2018), where we relied on the fact that the defendant did not allege he would have gone to trial if his attorney had correctly informed him that he was waiving certain appellate issues such as speedy trial and ineffective assistance of counsel. Id. , ¶¶ 17-18, 424 P.3d at 1288-89. Rather, the record supported the conclusion that the defendant was far more concerned about getting out of jail and the length of his sentence, not his ability to raise certain appellate issues after a trial. Id. , ¶ 18, 424 P.3d at 1289.
[¶53] This is not a case where Ms. Mellott was either subject to the charges the State improperly brought or nothing. The non-aggregable claims still exist. The failure to demonstrate what the actual, non-aggregated charges are must weigh against Ms. Mellott, not against the State. She has the burden to establish prejudice and she has failed to carry that burden. Based on her testimony, we can only assume she thought she could have negotiated a better or different deal. Nothing in the record supports that conclusion. And, in any event, it is not the standard we must apply.
[¶54] The majority opinion equates Ms. Mellott's claim of ineffective assistance of counsel with a claim that there was an insufficient factual basis for her pleas under W.R.Cr.P. 11(f). It then creates a new standard for prejudice resulting from ineffective assistance of counsel in a case like this, based on *393 Nguyen v. State, 2013 WY 50, 299 P.3d 683 (Wyo. 2013). However, Nguyen was not based on a claim of ineffective assistance of counsel and did not involve the standards for prejudice based on such a claim. Ms. Mellott, on the other hand, only raised a claim of ineffective assistance of counsel. She did not base her request to withdraw her guilty plea on Rule11(f), and she did not base her appeal on a claim of an inadequate factual basis.
[¶55] The majority opinion, in effect, concludes that in a situation like this one, prejudice is presumed, or implicit, in the fact that the defendant faces consequences for pleading guilty. We described the cases where prejudice from ineffective assistance of counsel is implicit[12] in Sincock v. State, 2003 WY 115 ¶ 38, 76 P.3d 323, 337 (Wyo. 2003) :
... there is a narrow class of cases where the "circumstances ... are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." United States v. Cronic, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ; see also Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The complete denial of counsel is one such circumstance. Cronic, 466 U.S. at 659, 104 S.Ct. 2039. Another exists where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Id. Still another exists where counsel is appointed so close to trial that it amounts to a denial of effective assistance. Id. Where such circumstances are shown to exist, prejudice will be presumed without inquiry into the actual performance at trial. Id. Wyoming recognizes this narrow line of cases in which prejudice is presumed. Olsen v. State, 2003 WY 46, ¶ 75, 67 P.3d 536, ¶ 75 (Wyo.2003) (citing Herdt v. State, 816 P.2d 1299, 1301-02 (Wyo.1991) ).
[¶56] This is not such a case. The cases listed fit in a "narrow class" where, in effect, there was no defense counsel. Here, counsel simply interpreted the statute in question differently than this Court later interpreted it. His interpretation does not amount to a complete void of representation.
[¶57] This "narrow line" of cases was developed from the following language in Strickland , 466 U.S. at 691, 104 S.Ct. at 2067 :
In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance. Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost. Moreover, such circumstances involve impairments of the Sixth Amendment right that are easy to identify, and for that reason and because the prosecution is directly responsible, easy for the government to prevent.
(Emphasis added).
[¶58] This case does not fit within Strickland's description of situations where there is no need to show prejudice. There was no denial of counsel altogether. The situation does not obviously indicate something fundamentally interfered with Ms. Mellott's Sixth Amendment right. To presume prejudice here, or to find it implicit, weakens the requirement that appellants prove prejudice in ordinary ineffective assistance of counsel situations. Ms. Mellott should not be relieved of the obligation to prove she would have gone to trial if her attorney had foreseen this Court's interpretation of § 42-4-111.
[¶59] I conclude that Ms. Mellott did not establish manifest injustice or prejudice. Because she did not meet her burden of proving that, had her defense counsel correctly interpreted the statute, she would not have pled guilty and would have received a better outcome than she obtained with her guilty pleas. She has not shown this to be a situation "which inherently results in a complete miscarriage of justice." I would affirm the trial court's denial of her motion to withdraw her guilty pleas.
[¶60] I recognize that by this opinion we have found the statutory basis for some of *394 Ms. Mellott's guilty pleas to be incorrect. If we determine that such a situation permits timely withdrawal of those guilty pleas as "manifest injustice," then perhaps we should adopt such a rule. However, I cannot find that this situation fits within the circumstances where we have authorized withdrawal of a guilty plea based on ineffective assistance of counsel.

For example, Count 2 of the amended information alleged, in part: "[Ms. Mellott] did unlawfully make a false statement in providing case management services to client DB, and the value of reimbursement received from Wyoming Medicaid is greater than Five Hundred ($500.00) dollars in violation of W.S. § 42-4-111(a)(b)(i), the same being a Felony."

The district court later reduced Ms. Mellott's sentence on a motion from Ms. Mellott. The court suspended all but 90 days of the sentence for Count 1 and ordered Ms. Mellott, upon completion of the 90 days, to be placed on supervised probation for 5 years for her other convictions.

The W.R.A.P. 21 motion was entitled Motion to Withdraw Plea and for New Trial Under Rule 21 (a) W.R.A.P. , and in it, Ms. Mellott asked the district court to allow her to withdraw her pleas, to set her pleas aside, and to grant a new trial. W.R.A.P. 21 allows a defendant to request to withdraw her pleas or request a new trial due to the ineffective assistance of counsel. However, Ms. Mellott did not have a trial prior to pleading guilty and we have previously held, "a motion for a new trial will not lie to attack a judgment and sentence based upon a plea of guilty ...." Garnett v. State , 769 P.2d 371, 371 (Wyo. 1989). The district court's decision letter and its comments at the W.R.A.P. 21 motion hearing indicate the proceedings appropriately focused on whether to allow Ms. Mellott to withdraw her pleas.

As the State notes, "The only claims not waived by an unconditional guilty plea are those that address the jurisdiction of the court or the voluntariness of the plea." Kitzke v. State , 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo. 2002) (citation omitted). Ms. Mellott did not waive her ineffective assistance of counsel claims when she pled guilty because "[w]hen a guilty plea has been entered upon the advice of counsel, the voluntariness of that plea may depend on the extent to which that advice comports with the constitutional guarantee to the effective assistance of counsel." Id. ¶ 9, 55 P.3d at 699.

Ms. Mellott claims she alternatively based her W.R.A.P. 21 motion and request for relief on W.R.Cr.P. 35, which allows the correction of illegal sentences. However, she makes no substantive argument under W.R.Cr.P. 35, and our review of the record reveals W.R.Cr.P. 35 was not part of her W.R.A.P. 21 motion and she did not mention W.R.Cr.P. 35 to the district court until the final page of her Defendant's Reply to the State's Closing Argument , well after the motion hearing. Even then, Ms. Mellott appears to have raised W.R.Cr.P. 35 as a last-ditch jurisdictional basis for the district court to reverse her convictions absent a finding of ineffective assistance of counsel. As a result, the district court addressed W.R.Cr.P. 35 summarily in its decision letter on the W.R.A.P. 21 motion. Because W.R.Cr.P. 35 was not substantially at issue in Ms. Mellott's W.R.A.P. 21 motion proceedings and she does not substantively raise the issue here on appeal, we do not address it further. See State v. Campbell Cty. Sch. Dist. , 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo. 2001) ("Under this court's long-standing precedent, this court will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation.").

As a second claim of ineffective assistance of counsel, Ms. Mellott argues her trial counsel failed to sufficiently investigate Ms. Mellott's case before advising her to accept a plea agreement requiring her to plead guilty to all charges. Because we conclude Ms. Mellott's first ineffective assistance of counsel claim is dispositive, we do not address this second argument.

To the extent the State relies on cases from other jurisdictions to support its aggregation of claims in Counts 2 through 11, those cases are distinguishable as they either address duplicity of charges or address a statute without a provision that required separate violations to be charged as separate offenses. See Commonwealth v. Goodman , 9 Mass. L. Rptr. 318 (Mass. Super. Ct. 1998) ; Hall v. State , 241 Ga.App. 454, 525 S.E.2d 759 (1999).

This ineffective assistance of counsel claim is one of first impression. As discussed infra at ¶ 28, we previously have considered direct challenges to the validity of guilty pleas based on alleged violations of W.R.Cr.P. 11(f), which requires the trial court to determine there is a factual basis before accepting a guilty plea. See, e.g. , Kiet Hoang Nguyen v. State , 2013 WY 50, ¶ 11-21, 299 P.3d 683, 686-89 (Wyo. 2013) ; Williams v. State , 2015 WY 100, ¶¶ 21-28, 354 P.3d 954, 961-64 (Wyo. 2015). However, we have not previously considered whether trial counsel who advises his client to plead guilty to charges that lack a factual basis is ineffective.

"Wyoming's Rule 11 mirrors F.R.Cr.P. 11, and much of the jurisprudence used in interpreting the state rule originates in federal case law." Williams , ¶ 14 n.5, 354 P.3d at 960 n.5.

The Tenth Circuit limited application of the heightened prejudice requirement to those cases "evaluating the effect of an omitted Rule 11 warning on the defendant's decision to enter a guilty plea," reasoning that
Rule 11(b)(3) [analogous to W.R.Cr.P. 11(f) ] errors are distinct from the type of error addressed in Dominguez Benitez : A district court must reject a defendant's plea if it lacks a factual basis, even if the plea is knowingly and voluntarily made. Thus, whether Landeros would have ple[ ]d guilty in spite of any Rule 11(b)(3) error is irrelevant; the issue is whether the district court's alleged error in accepting the plea had a substantial effect on his rights. Accordingly, the Dominguez Benitez rule does not apply.
Id. (quoting Landeros-Lopez , 615 F.3d at 1264 n.3 ) (emphasis added). This same reasoning supports our decision that the Palmer prejudice standard does not apply in this case.

The Iowa Supreme Court has applied a similar framework to analyze claims that a defendant's counsel provided ineffective assistance by advising his client to plead guilty without a sufficient factual basis. See, e.g. , Schminkey , 597 N.W.2d at 788. For that particular ineffective assistance of counsel claim, the Iowa court's "first and only inquiry is whether the record shows a factual basis" for the defendant's guilty plea. Id. If the record fails to establish a factual basis, the Iowa court presumes prejudice. See id. ("Prejudice in such a case is inherent.").

The term "implicit" may be more appropriate than "presumed." When something is presumed, the presumption may be rebutted. Even if there were a "presumption" of prejudice here, the evidence rebuts that presumption. When Ms. Mellott declined to state that she would have gone to trial, there simply was no prejudice.